UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JING WANG and WAI-LEUNG CHAN,<br><br>                               Plaintiffs,<br>         - against -<br><br>TESLA, INC.,<br><br>                               Defendants. | **Civ. Action: 1:20-cv-3040**<br><br>**TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant, Tesla, Inc. ("TESLA"), by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP Answer Plaintiff's Complaint as follows:

## PARTIES

1. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. TESLA admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. TESLA neither admits nor denies the allegations in paragraph 3 because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, TESLA does not contest the allegation in paragraph 3 as they apply to TESLA in this specific case.

## FACTS

4. TESLA admits only that the subject 2016 Tesla Model X is an electric sport utility vehicle designed in part, manufactured in part, and sold by Tesla.

5. TESLA denies the allegations in paragraph 5 relate or apply to the vehicle described in the Complaint as being involved in the alleged incident (subject vehicle) because the subject vehicle is

a 2016 Model X and the allegations in paragraph 5 refer to the TESLA's currently available internet based information for the current model year Model X.

6. TESLA admits only the subject vehicle is equipped with the Autopilot suite of driver assistance features as described in the vehicle's Owner's Manual. TESLA denies the remaining allegations in paragraph 6 because they do not accurately or completely relate or apply to the subject vehicle.

7. TESLA admits only that it has made multiple representations on its website and in its Owner's Manual regarding Autopilot functionality and application. TESLA denies the remaining allegations in paragraph 7 because they do not accurately or completely relate or apply to the subject vehicle.

8. TESLA denies the allegations in paragraph 8 because they do not accurately or completely relate or apply to the subject vehicle. Instead, the allegations in paragraph 8 refer to the TESLA's currently available internet based information for the current model year Model X.

9. TESLA denies the allegations in paragraph 9 because they are untrue.

10. TESLA denies the allegations in paragraph 10 because they are untrue.

11. TESLA denies the allegations in paragraph 11 because they are untrue.

12. TESLA denies the allegations in paragraph 12 because they are untrue.

13. TESLA neither admits nor denies the allegation in paragraph 13 that it "… tries to distance itself from potential liabilities …" because that allegation is a legal conclusion to which no answer is required. TESLA neither admits nor denies the remaining allegations in paragraph 13 because they are immaterial to the Complaint and plead in violation of FRCP 8(a) and 12(f) and TESLA hereby moves to strike them.

14. TESLA admits only that a number of human factors considerations are involved in the operation of a motor vehicle on public roads. TESLA denies the remaining allegations in paragraph

14 because they are untrue, immaterial to the Complaint and plead in violation of FRCP 8(a) and 12(f) and TESLA hereby moves to strike them.

15. TESLA denies the allegations in paragraph 15 because they are untrue.

16. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a Tesla vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 16.

17. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a Tesla vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 17.

18. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a Tesla vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 18.

19. TESLA admits a collision involving a 2018 Model 3 occurred in March 2019 in Delray Beach, Florida. TESLA denies the remaining allegations in paragraph 19 because they do not accurately or completely relate or apply to the subject vehicle or subject accident.

20. TESLA denies the allegation in paragraph 20 because it is untrue.

21. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. TESLA denies the allegations in paragraph 23 because they are untrue as there are no "hidden dangers of operating a Tesla vehicle."

24. TESLA denies the allegations in paragraph 24 because they are untrue as there is no evidence that the "Tesla Autopilot feature is unreliable."

25. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. TESLA denies the allegations in paragraph 28 because, on information and belief, the order was placed in 2016.

29. TESLA admits the purchaser was Jing Wang. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30. TESLA does not contest the allegations in paragraph 30.

31. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. TESLA denies the allegation that Chan was not provided "with materials regarding the operation and functionality of the Autopilot system" as untrue since the Owner's Manual provides this information and is located in the center touchscreen of the Model X. TESLA admits "Chan did not

receive a physical copy of the owner's manual." TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33. TESLA denies that the Model X is defective or that TESLA did not provide adequate warnings because those allegations are untrue. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. TESLA admits only that on December 13, 2017 the subject vehicle was being driven by Mr. Chan. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36. TESLA does not contest the allegations in paragraph 36 to the extent they are consistent with the available diagnostic log data from the subject vehicle.

37. TESLA denies the allegations in paragraph 37 because they are untrue.

38. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. TESLA denies the allegations in paragraph 42 because they are untrue.

43. TESLA denies the allegations in paragraph 43 because they are untrue.

44. TESLA admits only that the hyper-link in paragraph 44 provides access to a "YouTube" video that depicts a motor vehicle collision. However, Tesla lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 44 or the substance of the hyper-linked video.

45. TESLA neither admits nor denies the allegation that it "… refuses to take responsibility for the accident" in paragraph 45 because the issue of responsibility calls for a legal conclusion about which no answer is required. To the extent an answer is required to that portion or paragraph 45, TESLA denies that it is responsible for the alleged incident as it was caused by Plaintiff's' negligence. TESLA denies the remaining allegations in paragraph 45 because they are untrue.

46. TESLA denies the allegations in paragraph 46 because they are not accurate or complete statements about TESLA's position about the alleged incident.

47. TESLA admits information in the Owner's Manual accurately reflects the system's operational parameters. TESLA denies the remaining allegations in paragraph 47 because they are untrue.

48. TESLA denies the allegations in paragraph 48 because they are untrue.

## FIRST CAUSE OF ACTION
### Breach of Express Warranty

49. TESLA incorporates by reference its answers to paragraphs 1-48 as if specifically restated here.

50. TESLA admits it has made general statements on its website that the Model X is safe and technologically sophisticated. TESLA denies the remaining allegations in paragraph 50 because they are untrue.

51. TESLA admits its website currently includes the overview statement that "Autopilot advanced safety and convenience features are designed to assist you with the most burdensome parts of driving." TESLA denies the allegations in paragraph 51 about TESLA's statements because they do not pertain to the subject vehicle as it was not equipped with Enhanced Autopilot and because they are inaccurate.

52. TESLA denies the allegations in paragraph 52 because they are untrue.

53. TESLA neither admits nor denies the allegations in paragraph 53 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 53 are correct statements of law.

54. TESLA denies the allegations in paragraph 54 because they are untrue.

55. TESLA denies the allegations in paragraph 55 because they are untrue.

56. TESLA denies that the preceding allegations of representations constitute an express warranty. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56.

57. TESLA denies that the preceding allegations of representations constitute an express warranty. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58. TESLA denies the allegations in paragraph 58 because they are untrue.

59. TESLA denies the allegations in paragraph 59 because they are untrue.

60. TESLA denies the allegations in paragraph 60 because they are untrue.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty**

61. TESLA incorporates by reference its answers to paragraphs 1-60 as if specifically restated here.

62. TESLA neither admits nor denies the allegations in paragraph 62 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 62 are correct statements of law.

63. TESLA admits only that the subject vehicle was designed, manufactured and marketed to be operated by drivers complying with all applicable laws and TESLA's information, instructions

and warnings about the subject vehicle. TESLA denies the remaining allegations in paragraph 63 because they are untrue.

64. TESLA admits only that its representations about the subject vehicle were that it was designed, manufactured and marketed to be operated by drivers complying with all applicable laws and TESLA's information, instructions and warnings about the subject vehicle. TESLA denies the remaining allegations in paragraph 64 because they are untrue.

65. TESLA neither admits nor denies the allegations in paragraph 65 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 65 are correct statements of law.

66. TESLA denies the allegations in paragraph 66 because they are untrue.

67. TESLA denies the allegations in paragraph 67 because they are untrue.

### THIRD CAUSE OF ACTION
### Negligent Marketing

68-73. TESLA denies the allegations in paragraphs 68-73 and it is moving separately to dismiss the same pursuant to FRCP 12(b)(6). TESLA adopts and incorporates that Motion herein by reference.

### FOURTH CAUSE OF ACTION
### Deceptive and Misleading Business Practices

74-84. TESLA denies the allegations in paragraphs 74-84 and it is moving separately to dismiss the same pursuant to FRCP 12(b)(6). TESLA adopts and incorporates herein that Motion by reference.

### FIFTH CAUSE OF ACTION
### Fraudulent Business Practices

85-93. TESLA denies the allegations in paragraphs 85-93 and it is moving separately to dismiss the same pursuant to FRCP 12(b)(6). TESLA adopts and incorporates herein that Motion by reference.

**WHEREFORE,** TESLA respectfully requests dismissal of Plaintiffs' Complaint in its entirety, with prejudice and with an award of attorney fees, costs, expenses and interest in its favor.

## AFFIRMATIVE DEFENSES

TESLA, for its Affirmative Defenses, states as follows:

1. That Plaintiffs' Complaint and all counts thereof fail to state a claim upon which relief can be granted and, thus, TESLA moves for a Judgement of Dismissal in its favor as a matter of law.

2. Plaintiffs' Complaint fails to allege Fraud or claims based on Fraud with the heightened particularity as required by Fed. R. Civ. P. 9(b) and, thus, TESLA moves for a Judgment of Dismissal in its favor as a matter of law.

3. To the extent that discovery supports the same, TESLA asserts the defense of spoliation of evidence by Plaintiffs.

4. That the subject vehicle was not and is not defective or unreasonably dangerous in any manner, and the condition of the subject vehicle did not cause or contribute to cause Plaintiffs' damages as alleged in their Complaint.

5. That all damages allegedly sustained by Plaintiffs may be attributable to a cause or causes other than the condition of the subject vehicle, including, but not limited to, negligent operation, abuse and misuse by the Plaintiffs.

6. That the subject vehicle was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States or New York, or agencies thereof, that were applicable to the subject vehicle at the time of its

manufacture and sale, and, accordingly, Plaintiffs' state law claims are barred under the doctrine of federal preemption.

7.      That the subject vehicle may not be in the same or substantially the same condition as when it left TESLA's control.

8.      That Plaintiffs' claims may be barred in whole or in part on equitable grounds, including laches, waiver and estoppel.

9.      That the damages allegedly sustained by Plaintiffs may have been caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, failure to mitigate damages, or any other fault pursuant to New York law and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiffs.

10.     While specifically denying liability for the damages or injuries alleged in the Plaintiffs' Complaint, to the extent any of Plaintiffs' alleged damages or injuries have been recovered by way of insurance proceeds or prior settlement of any claims relating to the transaction or occurrence described in Plaintiffs' Complaint, TESLA is entitled to a set-off of any such amount against any potential award entered against it in this matter.

11.     That the damages or injuries allegedly sustained by Plaintiffs were caused or contributed to by the acts, omissions or fault of a non-party or third-party that TESLA did not and does not control.

12.     Allegations in Plaintiffs' Complaint are immaterial to Plaintiffs' claims and pled in violation of FRCP 8(a) and 12(f) and TESLA hereby moves to strike them.

13.     Plaintiffs' claims and alleged damages and injuries may be barred in whole or in part by the Economic Loss Doctrine.

14. That no additional warnings would have or could have prevented the alleged incident, loss and damages alleged by Plaintiffs.

15. That the implied warranty duration is only one year and the vehicle that is the subject of Plaintiffs' Complaint was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability.

16. That Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

17. That Plaintiffs are barred from maintaining an action for breach of warranty because they failed to give proper notice to TESLA within a reasonable time after Plaintiffs, or others whose conduct is imputable to Plaintiffs, discovered or should have discovered such alleged breach of warranty.

18. That Plaintiffs are barred from maintaining an action for breach of warranty because the subject vehicle met or exceeded all applicable warranties.

19. That by applicable law and by the terms of the limited warranty for the subject vehicle, TESLA is not liable for incidental or consequential damages.

20. The damages asserted in Plaintiffs' Complaint were not the result of any defect in material or workmanship in the subject vehicle described in Plaintiffs Complaint. Specifically, TESLA asserts that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

21. That Plaintiffs' claim for "treble, punitive and exemplary damages" is barred in whole or in part to the extent that such claim violates TESLA's rights to equal protection under

the laws, due process, and the right to be free from cruel and unusual punishment and excessive fines as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

22. That Plaintiffs' claims for "treble, punitive and exemplary damages" is barred in whole or in part to the extent that it is predicated on laws that discriminate against TESLA, by subjecting it to potential imposition of damages or penalties effectively limited only by its wealth, while limiting the amount of such damages that may be awarded against other classes of defendants without a rational basis, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

23. That neither the Complaint nor any cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of "treble, punitive and exemplary damages" against TESLA.

WHEREFORE, TESLA, having fully answered Plaintiffs' Complaint or otherwise moved to dismiss pursuant to FRCP 12(b)(6), prays to be dismissed therefrom, together with its costs, attorney fees, expenses and interest herein laid out and expended, and for such other and further relief as the Court deems just and proper in the premises.

## **RESERVATION OF RIGHTS**

TESLA reserves the right to amend its Answer to Plaintiff's Complaint and interpose such other defenses and/or objections as may be appropriate upon completion of its investigation and discovery and throughout trial.

## **JURY DEMAND**

TESLA demands a trial by Jury.

Respectfully submitted,

By: *Peter J. Fazio*_____
Peter J. Fazio
**AARON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**
600 Third Avenue, 5th Floor
New York, NY 10016
212.593.5458
pjfazio@arfdlaw.com

*and*

**BOWMAN AND BROOKE LLP**

BY:  /s/  *Thomas P. Branigan*_____
THOMAS P. BRANIGAN (*Pro Hac Vice* Application Pending)
MATTHEW G. BERARD (*Pro Hac Vice* Application Pending)
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
thomas.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com

*Counsel for Tesla, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10th, 2020 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

NELSON LAW, LLC
MICHAEL R. NELSON
200 Park Ave., Suite 1700
New York, NY 10166
Ph (212) 457-1668
Fax (646) 766-9945
nelson@nelson.legal

*Counsel for Plaintiffs Wai-Leung Chan and Jing Wang*

                        **AARON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**

By:  /s/ PETER J. FAZIO_____
       Peter J. Fazio