UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JING WANG and WAI-LEUNG CHAN,<br><br>                            Plaintiffs,<br>        - against -<br><br>TESLA, INC.,<br><br>                            Defendant. | **Civ. Action: 1:20-cv-04218**<br><br>**TESLA INC.' S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant, TESLA, Inc. ("TESLA"), by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP Answer Plaintiff's First Amended Complaint as follows:

### PARTIES

1. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. TESLA admits the allegations in paragraph 2.

### JURISDICTION AND VENUE

3. TESLA neither admits nor denies the allegations in paragraph 3 because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, TESLA does not contest the allegations in paragraph 3 as they apply to TESLA in this specific case.

4. TESLA does not contest that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) for this specific case.

## FACTS

5. TESLA admits that the only subject 2016 TESLA Model X is an electric sport utility vehicle designed in part, manufactured in part, and sold by TESLA.

6. TESLA denies the allegations in paragraph 6 related or apply to the vehicle described in the First Amended Complaint as being involved in the alleged incident (subject vehicle) because the subject vehicle is a 2016 Model X and the allegations in paragraph 6 refer to the TESLA's currently available internet based information for the current model year Model X.

7. TESLA admits only the subject vehicle is equipped with the Autopilot suite of driver assistance features as described in the vehicle's Owner's Manual. TESLA denies the remaining allegations in paragraph 7 because they do not accurately or completely relate or apply to the subject vehicle.

8. TESLA admits only that it has made multiple representations on its website and in its Owner's Manual regarding Autopilot functionality and application. TESLA denies the remaining allegations in paragraph 8 because they do not accurately or completely relate or apply to the subject.

9. TESLA denies that allegations in paragraph 9 because they do not accurately completely relate or apply to the subject vehicle. Instead, the allegations in paragraph 9 refer to the TESLA's currently available internet-based information for the current model year Model X.

10. TESLA denies the allegations in paragraph 10 because those allegations are untrue.

11. TESLA denies the allegations in paragraph 11 because those allegations are untrue.

12. TESLA denies the allegations in paragraph 12 because those allegations are untrue.

13. TESLA denies the allegations in paragraph 13 because those allegations are untrue.

14. TESLA neither admits nor denies the allegation in paragraph 14 that it "… tries to distance itself from potential liabilities …" because that allegation is a legal conclusion to which no answer is required. TESLA neither admits nor denies the remaining allegations in paragraph 14 because they are immaterial to the First Amended Complaint and plead in violation of FRCP 8(a) and 12(f) and TESLA hereby moves to strike them.

15. TESLA admits only that a number of human factors considerations are involved in the operations of a motor vehicle on public roads. TESLA denies the remaining allegations in paragraph 15 because they are untrue, immaterial to the First Amended Complaint and plead in violation of FCRP 8(a) and 12(f) and TESLA hereby moves to strike them.

16. TESLA denies the allegations in paragraph 16 because those allegations are untrue.

17. TESLA denies the allegations in paragraph 17 because those allegations are untrue.

18. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a TESLA vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 18.

19. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a TESLA vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 19.

20. TESLA admits the National Transportation Safety Board (NTSB) has initiated investigations of car accidents, including those involving a TESLA vehicle, and sometimes publishes reports reflecting conclusions reached and recommendations made to the Regulator (the National Highway Traffic Safety Administration), manufacturer and others. Such reports speak for themselves, and to the extent this paragraph requires any further answer, TESLA denies remaining allegations contained in Paragraph 20.

21. TESLA admits a collision involving a 2018 Model 3 occurred in March 2019 in Delray Beach, Florida. TESLA denies the remaining allegations in paragraph 21 because they do not accurately or completely relate or apply to the subject vehicle or subject accident.

22. TESLA denies the allegation in paragraph 22 because those allegations are untrue.

23. TESLA neither admits nor denies the allegations in paragraph 23 because it lacks sufficient information to form a belief as to the truth of those allegations.

24. TESLA neither admits nor denies the allegations in paragraph 24 because it lacks sufficient information to form a belief as to the truth of those allegations.

25. TESLA neither admits nor denies the allegations in paragraph 25 because it lacks sufficient information to form a belief as to the truth of those allegations.

26. TESLA neither admits nor denies the allegations in paragraph 26 because it lacks sufficient information to form a belief as to the truth of those allegations.

27. TESLA neither admits nor denies the allegations in paragraph 27 because it lacks sufficient information to form a belief as to the truth of those allegations.

28. TESLA neither admits nor denies the allegations in paragraph 28 because it lacks sufficient information to form a belief as to the truth of those allegations.

29. TESLA neither admits nor denies the allegations in paragraph 29 because it lacks sufficient information to form a belief as to the truth of those allegations.

30. TESLA neither admits nor denies the allegations in paragraph 30 because it lacks sufficient information to form a belief as to the truth of those allegations.

31. TESLA neither admits nor denies the allegations in paragraph 31 because it lacks sufficient information to form a belief as to the truth of those allegations.

32. TESLA admits the purchaser was Jing Wang. TESLA lacks knowledge or information sufficient to form a belief to the truth of the remaining allegations in paragraph 32.

33. TESLA neither admits nor denies the allegations in paragraph 33 because it lacks sufficient information to form a belief as to the truth of those allegations.

34. TESLA neither admits nor denies the allegations in paragraph 34 because it lacks sufficient information to form a belief as to the truth of those allegations.

35. TESLA neither admits nor denies the allegations in paragraph 35 because it lacks sufficient information to form a belief as to the truth of those allegations.

36. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. TESLA neither admits nor denies the allegations in paragraph 37 because it lacks sufficient information to form a belief as to the truth of those allegations.

38. TESLA does not contest the allegations in paragraph 38 to the extent they are consistent with the available diagnostic log data from the subject accident.

39. TESLA denies the allegations in paragraph 39 because those allegations are untrue.

40. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. TESLA denies the allegations in paragraph 44 because those allegations are untrue.

45. TESLA denies the allegations in paragraph 45 because those allegations are untrue.

46. TESLA denies the allegations in paragraph 46 because those allegations are untrue.

47. TESLA admits only that the hyper-link in paragraph 47 provides access to a "YouTube" video that depicts a motor vehicle collision. However, TESLA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 or the substance of the hyper-linked video.

48. TESLA neither admits nor denies the allegation that it "… refuses to take responsibility for the accident" in paragraph 48 because the issue of responsibility calls for a legal conclusion about which no answer is required. To the extent an answer is required to that portion or paragraph 48, TESLA denies that it is responsible for the alleged incident as it was caused by Plaintiff's' negligence. TESLA denies the remaining allegations in paragraph 48 because they are untrue.

49. TESLA admits only that the subject vehicle performed as designed and that the alleged defects did not cause or contribute to the alleged incident. TESLA denies the remaining allegations in Paragraph 49 because they are untrue.

50. TESLA admits only that the owner's manual for the subject vehicle provides information about the performance and limitations of Forward Collision Warning and Automatic Emergency

Braking functions and that the manual alerts and guides the operator of proper and safe use of those systems. TESLA denies the remaining allegations in Paragraph 50 because they are untrue.

51. TESLA denies the allegations in paragraph 51 because those allegations are untrue.

52. TESLA denies the allegations in paragraph 52 because those allegations are untrue.

**FIRST CAUSE OF ACTION**
**Breach of Express Warranty**

53. TESLA incorporates by reference its answers to Paragraphs 1-52 as if fully restated herein.

54. TESLA admits it has made general statements on its website that the Model X is safe and technologically sophisticated. TESLA denies the remaining allegations in paragraph 54 because they are untrue.

55. TESLA admits its website currently includes the overview statement that "Autopilot advanced safety and convenience features are designed to assist you with the most burdensome parts of driving." TESLA denies the allegations in paragraph 55 about TESLA's statements because they do not pertain to the subject vehicle as it was not equipped with Enhanced Autopilot and because they are inaccurate.

56. TESLA denies the allegations in paragraph 56 because those allegations are untrue.

57. TESLA neither admits nor denies the allegations in paragraph 57 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 57 are correct statements of law.

58. TESLA denies the allegations in paragraph 58 because those allegations are untrue.

59. TESLA denies the allegations in paragraph 59 because those allegations are untrue.

60. TESLA denies that the preceding allegations of representations constitute an express warranty. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60.

61. TESLA denies that the preceding allegations of representations constitute an express warranty. TESLA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62. TESLA denies the allegations in paragraph 62 because those allegations are untrue.

63. TESLA denies the allegations in paragraph 63 because those allegations are untrue.

64. TESLA denies the allegations in paragraph 64 because those allegations are untrue.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

65. TESLA incorporates by reference its answers to Paragraphs 1-64 as if fully restated herein.

66. TESLA neither admits nor denies the allegations in paragraph 66 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 66 are correct statements of law.

67. TESLA admits only that the subject vehicle was designed, manufactured and marketed to be operated by drivers complying with all applicable laws and TESLA' s information, instructions and warnings about the subject vehicle. TESLA denies the remaining allegations in paragraph 67 because they are untrue.

68. TESLA admits only that its representations about the subject vehicle were that it was designed, manufactured and marketed to be operated by drivers complying with all applicable laws and TESLA' s information, instructions and warnings about the subject vehicle. TESLA denies the remaining allegations in paragraph 68 because they are untrue.

69. TESLA neither admits nor denies the allegations in paragraph 69 because they call for legal conclusions about which no response is required. To the extent an answer is required, TESLA denies that the allegations in paragraph 69 are correct statements of law.

70. TESLA denies the allegations in paragraph 70 because those allegations are untrue.

71. TESLA denies the allegations in paragraph 71 because those allegations are untrue.

### THIRD CAUSE OF ACTION
### Breach of the Implied Warranty of Fitness for a Particular Purpose

72. TESLA incorporates by reference its answers to Paragraphs 1-71 as if fully restated herein.

73. TESLA neither admits nor denies the allegations in paragraph 73 because it lacks sufficient information to form a belief as to the truth of those allegations.

74. TESLA neither admits nor denies the allegations in paragraph 74 because it lacks sufficient information to form a belief as to the truth of those allegations.

75. TESLA denies the allegations in paragraph 75 because those allegations are untrue.

76. TESLA denies the allegations in paragraph 76 because those allegations are untrue.

77. TESLA denies the allegations in paragraph 77 because those allegations are untrue.

### FOURTH CAUSE OF ACTION
### Failure to Warn/Inadequacy of Warnings

78. TESLA incorporates by reference its answers to Paragraphs 1-77 as if fully restated herein.

79. TESLA neither admits nor denies the allegations in Paragraph 79 because they call for a legal conclusion in response to which no answer is required. To the extent an answer is required, TESLA admits only those duties imposed by relevant law and states that it complied with all such duties.

80. TESLA denies the allegations in paragraph 80 because those allegations are untrue.

81. TESLA denies the allegations in paragraph 81 because those allegations are untrue.

82. TESLA denies the allegations in paragraph 82 because those allegations are untrue.

### FIFTH CAUSE OF ACTION
### Deceptive and Misleading Business Practices and False Advertising

83. TESLA incorporates by reference its answers to Paragraphs 1-82 as if fully restated herein.

84. TESLA denies the allegations in paragraph 84 because those allegations are untrue.

85. TESLA neither admits nor denies the allegation in paragraph 85 because it calls for a legal conclusion in response to which no answer is required. To the extent an answer is required, TESLA admits only that its products are used by consumers.

86. TESLA neither admits nor denies the allegation in paragraph 86 because it calls for a legal conclusion in response to which no answer is required. To the extent an answer is required, TESLA admits only that its products are used by consumers.

87. TESLA denies the allegations in paragraph 87 because those allegations are untrue.

88. TESLA denies the allegations in paragraph 88 because those allegations are untrue.

89. TESLA denies the allegations in paragraph 89 because those allegations are untrue.

90. TESLA denies the allegations in paragraph 90 because those allegations are untrue.

91. TESLA denies the allegations in paragraph 91 because those allegations are untrue.

92. TESLA denies the allegations in paragraph 92 because those allegations are untrue.

93. TESLA denies the allegations in paragraph 93 because those allegations are untrue.

94. TESLA denies the allegations in paragraph 94 because those allegations are untrue.

## SIXTH CAUSE OF ACTION
**Common Law Fraud/Fraudulent Misrepresentation**

95. TESLA incorporates by reference its answers to Paragraphs 1-94 as if fully restated herein.

96-106. TESLA denies the allegations in paragraphs 96-106 and it is moving separately to dismiss the same pursuant to FRCP 12(b)(6). TESLA adopts and incorporates that Motion herein by reference.

## SEVENTH CAUSE OF ACTION
**Negligence/Negligent Misrepresentation**

107. TESLA incorporates by reference its answers to Paragraphs 1-106 as if fully restated herein.

108. TESLA denies the allegations in paragraph 108 because those allegations are untrue.

109. TESLA denies the allegations in paragraph 109 because those allegations are untrue.

110. TESLA denies the allegations in paragraph 110 because those allegations are untrue.

111. TESLA denies the allegations in paragraph 111 because those allegations are untrue.

112. TESLA denies the allegations in paragraph 112 because those allegations are untrue.

113. TESLA denies the allegations in paragraph 113 because those allegations are untrue.

114. TESLA denies the allegations in paragraph 114 because those allegations are untrue.

115. TESLA denies the allegations in paragraph 115 because those allegations are untrue.

116. TESLA denies the allegations in paragraph 116 because those allegations are untrue.

## **AFFIRMATIVE DEFENSES**

TESLA, for its Affirmative Defenses, states as follows:

1. That Plaintiffs' First Amended Complaint and all counts thereof fail to state claim upon which relief can be granted and, this, TESLA moves for Judgement of Dismissal in its favor as a matter of law.

2. Plaintiffs' First Amended Complaint fails to allege Fraud or claims based on Fraud with the heightened particularity as required by Fed. R. Civ. P. 9(b) and, thus, TESLA moves for a Judgment of Dismissal in its favor as a matter of law.

3. To the extent that discovery supports the same, TESLA asserts the defense spoliation of evidence by Plaintiffs.

4. That the subject vehicle was not and is not defective or unreasonably dangerous in any manner, and the condition of the subject vehicle did not cause or contribute to cause Plaintiffs' damages as alleged in their First Amended Complaint.

5. That all damages allegedly sustained by Plaintiff may be attributable to a cause or causes other than the condition of the subject vehicle, including, but not limited to, negligent operation, abuse and misuse by the Plaintiffs.

6. That the subject vehicle was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States or New York, or agencies thereof, that were applicable to the subject vehicle at the time of its manufacture and sale, and, accordingly, Plaintiffs' state law claims are barred under the doctrine of federal preemption.

7. That the subject vehicle may not be in the same or substantially the same condition as when it left TESLA's control.

8. That Plaintiffs' claims may be barred in whole or in part on equitable grounds, including laches, waiver and estoppel.

9. That the damages allegedly sustained by Plaintiffs may have been caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, failure to mitigate damages, or any other fault pursuant to New York law and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiffs.

10. While specifically denying liability for the damages or injuries alleged in the Plaintiffs' First Amended Complaint, to the extent any of Plaintiffs' alleged damages or injuries have been recovered by way of insurance proceeds or prior settlement of any claims relating to the transaction or occurrence described in Plaintiffs' First Amended Complaint, TESLA is entitled to a set-off of any such amount against any potential award entered against it in this matter.

11. That the damages or injuries allegedly sustained by Plaintiffs were caused or contributed to by the acts, omissions or fault of a non-party or third-party that TESLA did not and does not control.

12. Allegations in Plaintiffs' First Amended Complaint are immaterial to Plaintiffs' claims and pled in violation of FRCP 8(a) and 12(f) and TESLA hereby moves to strike them.

13. Plaintiffs' claims and alleged damages and injures may be barred in whole or in part by the Economic Loss Doctrine.

14. That no additional warnings would have or could have prevented the alleged incident, loss and damages alleged by Plaintiffs.

15. That the implied warranty duration is only one year and the vehicle that is the subject of Plaintiffs' First Amended Complaint was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability.

16. That Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

17. That Plaintiffs are barred from maintaining an action for breach of warranty because they failed to give proper notice to TESLA within a reasonable time after Plaintiffs, or others whose conduct is imputable to Plaintiffs, discovered or should have discovered such alleged breach of warranty.

18. That Plaintiffs are barred from maintaining an action for breach of warranty because the subject vehicle met or exceeded all applicable warranties.

19. That by applicable law and by the terms of the limited warranty for the subject vehicle, TESLA is not liable for incidental or consequential damages.

20. The damages asserted in Plaintiffs' First Amended Complaint were not the result of any defect in material or workmanship in the subject vehicle described in Plaintiffs First Amended Complaint. Specifically, TESLA asserts that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

21. That Plaintiffs' claim for "treble, punitive and exemplary damages" is barred in whole or in part to the extent that such claim violates TESLA's rights to equal protection under the laws, due process, and the right to be free from cruel and unusual punishment and excessive fines as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

22. That Plaintiffs' claims for "treble, punitive and exemplary damages" is barred in whole or in part to the extent that it is predicated on laws that discriminate against TESLA, by subjecting it to potential imposition of damages or penalties effectively limited only by its wealth, while limiting the amount of such damages that may be awarded against other classes of defendants without a rational basis, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

23. That neither the First Amended Complaint nor any cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of "treble, punitive and exemplary damages" against TESLA.

**WHEREFORE**, TESLA, having fully answered Plaintiffs' First Amended Complaint or otherwise moved to dismiss pursuant to FRCP 12(b)(6), prays to be dismissed therefrom, together

with its costs, attorney fees, expenses and interest herein laid out and expended, and for such other and further relief as the Court deems just and proper in the premises.

## JURY DEMAND

TESLA demands a trial by Jury.

Dated: September 21, 2020

>Respectfully submitted,
>
>By: *Peter J. Fazio*
>Peter J. Fazio
>**AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**
>600 Third Avenue, 5th Floor
>New York, NY 10016
>212.593.5458
>pjfazio@arfdlaw.com
>
>*and*
>
>**BOWMAN AND BROOKE LLP**
>
>By: */s/Thomas P. Branigan*
>THOMAS P. BRANIGAN (*Pro Hac Vice* Application Pending)
>MATTHEW G. BERARD (*Pro Hac Vice* Application Pending)
>41000 Woodward Ave., Suite 200 East
>Bloomfield Hills, MI 48304
>248.205.3300 / 248.205.3399 fax
>thomas.branigan@bowmanandbrooke.com
>matthew.berard@bowmanandbrooke.com
>
>*Counsel for TESLA, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2020, I electronically emailed and filed Tesla's Answer to Plaintiffs' First Amended Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

NELSON LAW, LLC
MICHAEL R. NELSON
200 Park Ave., Suite 1700
New York, NY 10166
Ph (212) 457-1668
Fax (646) 766-9945
nelson@nelson.legal

NELSON LAW, LLC
Stephanie Niehaus
200 Park Ave., Suite 1700
New York, NY 10166
Stephanie.Niehaus@nelson.legal

*Counsel for Plaintiffs Wai-Leung Chan and Jing Wang*

**AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**

By: /s/ PETER J. FAZIO
Peter J. Fazio