# Bowman and Brooke LLP
## Attorneys at Law

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Matthew G. Berard
Direct: 1.248.205.3348
Email: matthew.berard@bowmanandbrooke.com

December 30, 2020                                                            *VIA ECF*

The Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     *Wang v Tesla, Inc.*: 1:20-cv-3040-NGG-SJB; Tesla, Inc.'s Sur-Reply in Support of its Response to Plaintiff's December 8, 2020 Submission Re: Discovery Dispute

Dear Magistrate Judge Bulsara:

Pursuant to this Court's December 16, 2020 Order, Tesla, Inc. ("Tesla") submits this Sur-Reply Letter Brief in opposition to Plaintiff's December 8, 2020 Letter Brief (Dkt. 34) and December 23, 2020 Reply Brief (Dkt. 40).

Plaintiffs' Requests should be denied. Rather than providing an actual basis for their alleged damages, Plaintiffs attempt to substantiate their overly broad and disproportional discovery requests by continuing to make nonspecific assertions of "related amounts," "other damages," "statutory and exemplary damages," and a general denial that their damages a not nominal. Plaintiffs' Reply (Dkt. 40) does nothing to change the analysis of this issue. Thus, on the proportionality issues, Tesla refers this Court back to Tesla's Response Letter Brief filed on December 12, 2020 (Dkt. 36) and the deposition transcript cited therein.

Now, Plaintiffs essentially admit they are demanding a double recovery without any legal basis to support such an absurd result. Plaintiffs admitted during their depositions that they have been made whole via insurance payment/settlement with Progressive Insurance. Regardless, Plaintiffs claim they are entitled to the full original purchase price of the subject vehicle. New York law prohibits this. *See St. Clair* v. *Eastern Air Lines,* 302 F.2d 477, 479 (2d Cir. 1962) ("To the extent that the judgments represent compensation for the same injury, there can be no question that the plaintiff is only entitled to a single recovery."); *Kahane v. American Motorists Ins. Co.*, 65 Misc.2d 1065, 319 N.Y.S.2d 882, 884 (N.Y. Civ. Ct. 1971) ("[I]t need hardly be pointed out that the insured may not under any circumstances recover twice for the same loss or recover more than the value of the loss."). Plaintiffs have done nothing to explain to this Court why they should (1) be entitled to a double recovery, and (2) force Tesla to incur enormous costs in overly broad discovery to assist them in pursuing a claim where they have no damages.

Plaintiffs' Reply also includes claims about Tesla's "document and/or data retention policies" and Tesla's "post-incident process of generating data." Plaintiffs' claims are false and do

not support their demand for more or broader discovery. First, as Tesla established in its Response letter, Plaintiffs, *not Tesla*, are attempting to place Tesla's data "directly at issue in this case" despite an absence of evidence to support or even suggest a claim that Tesla failed to produce relevant data about the subject vehicle or alleged incident. Moreover, on December 18, 2020, Tesla's Corporate Representative testified at length about data collected by the subject vehicle (i.e., type, quantity, location, and preservation). The fact that Plaintiffs did not provide this Court with the transcript from that deposition is telling. None of that testimony supports Plaintiffs' claim that any data was "altered." Instead, Plaintiffs were previously provided a subset of data collected by the subject vehicle because Plaintiffs **agreed** to accept that subset to resolve their state court action for pre-suit discovery. A copy of relevant pages from the rough transcript from this deposition[1] are attached hereto as Exhibit A. *See* 1102:21-25 - 1107:1-25; 1132:15-25; 1133:1-7; and 1170:4-25 - 1175:1-25. The subject vehicle also contains a SD memory card with data about the vehicle and the alleged incident. Tesla has agreed to provide Plaintiffs with a copy of that SD car during the inspection of the subject vehicle next month. Plaintiffs have provided no basis for broader discovery about data.

The remainder of Plaintiffs' "Reply" (re: "Sales Processes and Marketing" and "Human Factors Studies") is simply a rehash of claims in Plaintiffs' initial Letter Brief. Tesla incorporates by reference its Response to those claims.

Plaintiffs' requests are overly broad and would do nothing to advance any of their claims. Finally, this Court should not permit a wide-ranging fishing expedition and require Tesla to incur disproportionate expenses to respond to this discovery. Tesla requests that this Court deny Plaintiffs' Motion to Compel the discovery sought by Plaintiffs.

Sincerely,

BOWMAN AND BROOKE LLP

Matthew G. Berard

MGB/mb
To: All Parties Via ECF

---

[1] The Court Reporter for this Deposition has advised that the final transcript will not be available until the week of January 4, 2021 due to the holiday break. Once received, a copy of the cited pages from final transcript will be submitted to the Court.

23599654v1