UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JING WANG and WAI-LEUNG CHAN,

                    Plaintiffs,

                                                    **ORDER**
        *v.*                                             20-CV-3040-NGG-SJB

TESLA, INC.,

                    Defendant.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Although the Court granted Plaintiffs an opportunity to file a reply brief, they have, prior to a scheduled hearing, filed an additional letter that raises further discovery disputes and issues. Framed as a discovery "update," the letter is nothing more than an attempt to get another bite at briefing and to raise new inchoate discovery disputes on the event of the hearing. As this Court's Individual Practices note, letters to the Court are prohibited, unless they are filed in connection with a motion or request for relief with the Court. *See* Individual Rule I.A.2 ("Letter correspondence may not be filed on ECF unless it is filed in connection with a motion for relief. Discovery responses untethered to a motion for relief are not to be filed on ECF. Letters, unless requested by the Court or part of a motion requesting relief from the Court, are not to be filed on ECF."). The briefing on the original discovery dispute has been completed; the letter from Plaintiffs' counsel was, therefore, filed in violation of this Court's Individual Practices. The letter and the Defendant's response are, therefore, stricken. To the extent that Plaintiffs have additional discovery disputes they wish to raise, they can do so via letter motion, provided that the Court's rules regarding a meet and confer are satisfied. *See* Individual Rule IV.B. ("Parties are also reminded of the obligation under

Rule 37(a) to meet and confer prior to bringing a discovery dispute before the Court.  To properly meet and confer to resolve a pending motion, the opposing party should be made aware that a motion to compel is being contemplated, and the parties must actually speak and communicate about the motion before it is filed to satisfy the meet and confer obligation.  Only if significant time has elapsed with no response from the opposing party will the Court deem the attempt to confer as futile.  Finally, Rule 37(a)(1) requires that a certification be provided that 'the movant has in good faith conferred . . . in an effort to obtain [the discovery] without court action.'  The Court enforces these obligations strictly.") .[1]

As to the underling motion to compel Tesla to provide a 30(b)(6) witness, the motion is resolved as follows:

1. **Topic 1.**  The motion is denied.  Plaintiffs have failed to establish that discovery into Tesla's document and data retention policies is appropriate in this case.  Specifically, Plaintiffs have not identified any failure to produce documents by Tesla that would warrant discovery into Tesla's discovery practices.  Nor have Plaintiffs identified any category of documents that they

---

[1] The discovery motions were originally addressed to the District Judge in this case.  The parties are encouraged to read the EDNY's Local Rules to understand the division of business in civil cases so their motions are addressed properly.  *See* Local Civ. Rule 72.2.  If they had done so prior to filing the motion, they would have appreciated that the appropriate certification for a motion to compel had not been provided.  *See* Individual Rule IV.B. ("The Court will deny any motion to compel that fails to attach as exhibits the discovery requests that a party is seeking to compel.  Parties are also reminded of the obligation under Rule 37(a) to meet and confer prior to bringing a discovery dispute before the Court. . . . Finally, Rule 37(a)(1) requires that a certification be provided that 'the movant has in good faith conferred . . . in an effort to obtain [the discovery] without court action.'  The Court enforces these obligations strictly.").  Though the motion was not denied on this basis, future motions will be denied for failure to include the appropriate certification and to meet and confer as required by the Court's Individual Practices.

believe should exist but Tesla has failed to produce or which Tesla has said do not exist. As such, this kind of inquiry is inappropriate. *See, e.g.*, *Freedman v. Weatherford Int'l Ltd.*, No. 12-CV-2121, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014) ("There are circumstances where such collateral discovery is warranted. Here, however, the plaintiffs have not proffered an adequate factual basis for their belief that the current production is deficient.") *adhered to on recons.*, 2014 WL 4547039 (Sept. 12, 2014); *Orillaneda v. French Culinary Inst.*, No. 07-CV-3206, 2011 WL 4375365, at *6 (S.D.N.Y. Sept. 19, 2011) ("[T]he search and maintenance of a party's information systems may be relevant when a party can point to the existence of additional responsive material or when the documents already produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed. However, plaintiff has made no such showing in the present case." (internal citations and quotations omitted)).

2. **Topic 2.** The motion is denied. This topic seeks to ask Tesla to produce a witness to testify about the process by which data is generated or captured by Tesla when one of its vehicles is involved in a collision. Plaintiffs' motion fails to provide any rationale for this discovery or explanation why they are entitled to this information other than to say, "Tesla relies on its data to respond to its allegations and the question of the preservation of the vehicle." (Pls.' Letter re Disc. Dispute dated Dec. 8, 2020 ("Mot."), Dkt. No. 34 at 3). No citation is provided, and the Court has no basis to understand, therefore, how the data Tesla relies upon is related to the data that Plaintiffs seek. And other than to say that Tesla may not limit discovery in this case to the Plaintiffs and the

accident, Plaintiffs do not adequately justify the broad scope of this inquiry into all of Tesla's data capture processes, nor do they tie the data inquiry into a specific claim or defense in the case. Notably, Tesla states that the only allegations that could plausibly relate to this topic of inquiry are Plaintiffs' suggestion that a defective autopilot is the cause of the car accident, (Def.'s Resp. to Mot. dated Dec. 12, 2020 ("Def.'s Resp."), Dkt. No. 36 at 4),—a set of allegations that do not tie to Tesla's processes for capturing data related to an incident. All Plaintiffs state in reply is that "Tesla expressly relies on its data in disclaiming liability to consumers *like* Plaintiffs," again without citation or explanation. (Pls.' Letter Br. in Reply dated Dec. 23, 2020 ("Pls.' Reply"), Dkt. No. 40 at 2). The unsupported request is disproportionate to the needs of the case and the motion is denied.

3. **Topics 8-9.** The motion is denied as moot, because Tesla has agreed to produce a witness on these topics.

4. **Topic 12.** Plaintiffs contend that "human factors studies and safety reports are directly relevant to Plaintiffs' fraud claims and other claims regarding Tesla's marketing practices." (Mot. at 3). This conclusory statement does not explain what human factors studies are, or how they tie to the alleged misrepresentations made to these Plaintiffs. That being said, to the extent there has been a safety report issued about the vehicle type at issue in this case that was provided to Plaintiffs in connection with the purchase of the vehicle, or read by Plaintiffs in connection with the purchase—and thus could be the basis of a fraud or misrepresentation claim, Tesla must provide a witness who can testify about the basis for the statements that Plaintiffs relied

on in making the purchase. If there are no such reports or statements, Tesla shall not be required to provide a witness to testify on this topic.

SO ORDERED.

*/s/ Sanket J. Bulsara* February 18, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York