

200 Park Avenue
Suite 1700
New York, NY 10017

nelson.legal

Michael R. Nelson
C: 212 233 5083 • O: 212 457 1668
nelson@nelson.legal

April 13, 2021

*VIA ECF*

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Wang v. Tesla, Inc.*, Case No. 20-cv-3040; Motion to Compel Third-Party Compliance with Subpoena

Dear Magistrate Judge Bulsara:

    This letter motion seeks to compel third-party Mobileye, Inc. ("Mobileye") to produce documents and a witness for testimony in compliance with Plaintiffs' January 11, 2021 subpoena to Mobileye. Mobileye initially objected to the subpoena but agreed to confer and ultimately compromised where Mobileye would provide some relevant information and testimony. As set forth below, although Plaintiffs' counsel have been in contact with Mobileye's counsel and were in the process of negotiating Mobileye's response to the subpoena at the end of February, until, Plaintiffs believe, Tesla interceded to impede Plaintiffs' efforts to obtain legitimate third party discovery here. Mobileye ultimately never committed to the discovery it would provide despite several meet and confer attempts, nor did it move for protection before this Court. There is no basis for Mobileye to avoid Plaintiffs' discovery, either on its own objections or the objections of Tesla, none of which have been raised with this Court in any event. Mobileye should be required to comply.

    On or about January 11, 2021, Plaintiffs served Mobileye with a subpoena seeking a production of documents and deposition testimony on various topics related to Plaintiffs' claims against Tesla in this case. *See* Ex. A. Specifically, Plaintiffs seek discovery regarding the Mobileye camera technology that was incorporated in Plaintiffs' Tesla vehicle that is the subject of this suit, after Tesla's corporate representative was unable to answer questions about the vehicle's Mobileye forward-facing camera, its associated algorithms, and how and whether the data generated from the use of those algorithms was captured—or even where that data is located and how it may flow from the camera to Tesla. *See* Javed Depo. at 135:17-143:21.[1]

---

[1] A complete copy of Azam Javed's December 18, 2020 deposition transcript was filed under seal with the Court on March 25, 2021. *See* ECF No. 51-4.

On January 21, 2021, counsel to Mobileye responded to Plaintiffs' subpoena "to open a dialogue to discuss the subpoena further." *See* Exhibit B at 4-8.  In ensuing conversations and written communications, Mobileye confirmed that it could provide some of the requested information, but not all, and that another Mobileye entity was likely to have more responsive information.  For example, Mobileye's counsel, while investigating whether Mobileye, Inc. possessed responsive information, indicated that Mobileye Vision Technologies, Ltd., a foreign entity, may have responsive information and suggested that he may be able to provide contact information for the other Mobileye entity or entities from which Plaintiffs might seek their discovery.  Counsel for Mobileye, Inc. and counsel for Plaintiffs also communicated several times regarding the scope of information that Plaintiffs seek so that Mobileye could focus its search and anticipated production—including information to demonstrate why the Mobileye technology in the vehicle apparently sensed the merging Audi, yet the Tesla did not respond to that data; how the Mobileye technology is designed to capture data in similar traffic situations; and the nature of certain communications related to the breakdown of Tesla and Mobileye's corporate relationship, which Plaintiffs believe will reflect Mobileye's safety concerns with the way Tesla was using its technology on vehicles such as the subject vehicle here.  *See* Ex. C. The most recent discussion with Mobileye took place on February 24, 2021, following which counsel to Plaintiffs expected to hear from Mobileye with a proposal for responding and for identifying other corporate entities with responsive information.

Plaintiffs' counsel was accordingly surprised when, two weeks later and a full two months after Plaintiffs served the Mobileye subpoena, Tesla raised objections to the subpoena for the first time and threatened to move for a protective order if Plaintiffs did not respond within five (5) days.  *See* Ex. D.  As stated in that letter, Tesla's objections are largely based on its now routine assertion that the discovery sought is not proportional to the needs of the case and that the discovery sought is not relevant. *Id*.

On March 16, 2021, in compliance with Fed. R. Civ. P. 37(a)(1) and Indiv. R. IV(B), Plaintiffs' counsel and Tesla's counsel conferred but Tesla stated unequivocally that Plaintiffs should be precluded from obtaining discovery from Mobileye, without exception.  *See* Certificate of Conference, attached as Exhibit E.  During the conference between the parties, Tesla, in addition to the objections raised by letter, also objected on the basis that the information sought is confidential to Tesla and is therefore protected as a trade secret.  Tesla verified its objections through correspondence following the meet and confer – confirming its position that Plaintiffs should not depose Mobileye for any reason and that Mobileye should not be required to produce any documents.  *See* Ex. F.  Tesla has since retreated from its position that any discovery of Mobileye is improper, confirming by email dated April 1, 2021 that it does not object to Topics 1-5 of the notice as long as questions are limited to the Model X vehicle, but does object to Topics 6-9 on the purported basis that they are not relevant or proportional to the needs of this case and not important for the resolution of this case.  *See* Ex. G at 2.  Plaintiffs note that none of these objections are properly before the Court for consideration as Tesla has not sought relief from the Court relative to its objections.  Plaintiffs reference Tesla's objections only to provide a complete illustration of the dispute at issue—including Tesla's consistent pattern and practice of obstructing Plaintiffs' legitimate discovery efforts at every turn—and because Plaintiffs believe it explains the

sudden drop off in communications from Mobileye and the need for the Court's intervention to compel Mobileye to respond.

In sum, Plaintiffs respectfully request that the Court issue an Order instructing Mobileye to respond to Plaintiffs' subpoena by producing a witness to testify and related documents regarding (1) why the Mobileye technology incorporated into the Tesla sensed an Audi merging in, and captured a picture of the merging vehicle, yet the Tesla did not respond to that data by sending any warnings to the driver, moving away from the margining vehicle, stopping for the vehicle, etc.; (2) how the Mobileye technology incorporated into the Tesla, and any related equipment, captured and transferred data in similar traffic situations; (3) the nature and substance of communications between Mobileye and Tesla regarding the points raised in the article referenced in the subpoena, related to the breakdown in Tesla and Mobileye's corporate relationship and Mobileye's safety concerns. In the event that Mobileye, Inc. does not have any of the requested information, Plaintiffs have sought and now ask the Court to require a sworn assurance to that effect and also that Mobileye, Inc. identify the Mobileye entity(s) that may have the requested information, along with contact information for the individual(s) at the entity(s) who can assist in obtaining the information.

Plaintiffs appreciate the Court's consideration and are prepared to provide further information and/or to participate in a conference at the Court's instruction.

Respectfully yours,

Michael R. Nelson


cc:   All counsel of record (via ECF)
      John H. Gray, Esq., counsel to Mobileye, Inc. (via email to JHGray@perkinscoie.com)