

200 Park Avenue
Suite 1700
New York, NY 10017

**nelson.legal**

**Michael R. Nelson**
C: 212 233 5083 • O: 212 457 1668
nelson@nelson.legal

April 13, 2021

*VIA ECF*

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Wang v. Tesla, Inc.*, Case No. 20-cv-3040; Motion to Compel**

Dear Magistrate Judge Bulsara:

Tesla's continued obstruction of Plaintiffs' legitimate discovery efforts requires Plaintiffs to seek relief from the Court. Plaintiffs respectfully move to compel Tesla to (1) properly respond to Plaintiffs' First Set of Interrogatories and Request for Production of Documents; (2) provide a properly prepared "technical" Rule 30(b)(6) witness for deposition; and (3) make current and former Tesla employees available for deposition in response to Plaintiffs' deposition notices served on February 3, 2021.

The parties have made several attempts to confer in good faith in accordance with Fed. R. Civ. P. 37(a)(1) and Indiv. R. IV(B), but have been unable to resolve their disputes. *See* Certificate of Conference, attached as Exhibit A. On March 9, 2021, Plaintiffs' counsel wrote to Tesla's counsel to outline Tesla's various discovery deficiencies (including each of the topics addressed in this motion) and initiate a meet and confer process. The March 9, 2021 letter is attached as Exhibit B. Tesla responded on March 10, 2021, acknowledging receipt of Plaintiffs' letter but lacking a substantive response. Tesla's email response and the ensuing correspondence is attached as Exhibit C. On March 15, 2021, counsel for Plaintiffs contacted Tesla's counsel requesting to meet and confer regarding Tesla's belated objections to a subpoena Plaintiffs served on third-party Mobileye, Inc. (addressed in a separate letter motion) as well as the issues raised in Plaintiffs' March 9 letter. *See* Exhibit D. On March 16, 2021, counsel conferred regarding Tesla's objections to the Mobileye subpoena, but Tesla's counsel indicated he was unable to address Plaintiffs' concerns without his co-counsel, Mr. Branigan. On March 24, Plaintiffs' counsel again wrote to Tesla, requesting time to meet and confer regarding the discovery deficiencies raised in Plaintiffs' March 9 letter. Plaintiffs' March 24 email and the ensuing correspondence is attached as Exhibit E. On March 31, 2021, the parties finally conferred regarding the deficiencies outlined in Plaintiffs' March 9 letter, to no avail. Tesla confirmed its position and continuing objections by email on April 1, 2021. A copy of that email is attached as Exhibit F.

**Tesla Should Be Compelled to Respond to Written Discovery**

Plaintiffs served their First Set of Interrogatories and Request for Production of Documents (the "Discovery Requests") on December 22, 2020. Tesla served its responses on January 22, 2021, but failed to produce even the small set of documents that it agreed to produce in response to Plaintiffs' requests. Plaintiffs' Discovery Requests are attached as Exhibit G and Tesla's responses are attached as Exhibit H. While Tesla committed during the recent meet and confer efforts that its production was forthcoming, to date Plaintiffs still have not received the majority of that production. Should Tesla continue to delay, Plaintiffs reserve their right to compel production of documents responsive to Requests for Production No. 6 (lawsuit complaints alleging a defect in the autopilot driver assistance feature on a 2016 Model X caused a collision resulting in property damage and/ or personal injury); No. 9 (copy of the 2016 Model X owner's manual and representative images of the pop-ups displayed to the driver relating to Autopilot use); No. 12 (a copy of the image related to the subject incident that was captured by the Autopilot forward-facing camera on the subject vehicle, as discussed during Tesla's 30(b)(6) deposition).

In addition, Tesla's objections to the Discovery Requests are misplaced and should be overruled, and Tesla should be ordered to provide full responses immediately. The deficiencies in Tesla's responses are detailed in Plaintiffs' March 9 meet and confer letter. *See* Exhibit B at 3-8. As discussed more fully in that letter, in general, Tesla improperly relies on its now familiar but misplaced "proportionality" objection, which is based on Tesla's failure and refusal to appropriately value Plaintiffs' claims, and also improperly attempts to incorporate by reference the deposition testimony of its inadequately prepared corporate representative witness (addressed below). As further detailed in the March 9 letter, Plaintiffs also seek proper and complete responses to Interrogatory Nos. 3, 4, 7, 9-11, 15 and 17 and Requests for Production Nos. 15, 16, and 20-24, over Tesla's specific and improper objections to those Discovery Requests. Plaintiffs incorporate the March 9, 2021 deficiency letter in full for a complete explanation of their position.

**Tesla Should Be Compelled to Produce an Adequately Prepared 30(b)(6) Witness and Related Vehicle Information**

Tesla also failed to produce an adequately prepared corporate representative witness on "technical" issues, and has refused since to re-produce a witness who can respond to Plaintiffs' topics for examination.[1] Although Tesla's "technical" 30(b)(6) witness, Azam Javed, did respond to some of Plaintiffs' 30(b)(6) topics on December 18, 2020, he was woefully unprepared on multiple topics and also was prevented by counsel from responding or meaningfully responding to certain of Plaintiffs' questions. A copy of the December 18, 2020 deposition transcript of Azam

---

[1] In response to Plaintiffs' 30(b)(6) notice, Tesla agreed to produce a "technical" witness and a "marketing" witness. The deposition of Tesla's "marketing" witness was scheduled for March 12 (nearly five months after Plaintiff's notice was served), but given Tesla's failure to produce documents and other discovery necessary to prepare for the deposition, Plaintiffs have adjourned it until the scope of discovery has been resolved by the Court.

Javed ("Javed Depo.") is attached as Exhibit I for the Court's review.[2]  The deposition notice, Tesla's objections to same, and the parties' ensuing correspondence is attached as Exhibit J.

The reasons Tesla should be required to produce an adequately prepared 30(b)(6) witness are fully set forth in Plaintiffs' March 9 letter.  *See* Ex. B at 8-9.  In sum, Mr. Javed was unprepared to testify regarding numerous critical topics of examination.  Moreover, Tesla's counsel interfered with Plaintiffs' effort to obtain testimony through improper speaking objections, requesting breaks while questions were pending, and conferring with the witness on his cell phone while a question was pending.  Plaintiffs accordingly seek to reconvene Tesla's "technical" 30(b)(6) deposition so that Mr. Javed or another adequately prepared representative can testify fully and completely on behalf of Tesla, and request this Court's intervention to compel Tesla to comply.

Furthermore, Plaintiffs have requested on multiple occasions that Tesla produce (1) The photograph that the vehicle stored that Mr. Javed accessed during his December 18 deposition and showed on the record and (2) All of the vehicle data related to this incident.  To date, despite multiple requests, Tesla has failed to produce both items.  In addition, Tesla has refused to produce the complete volume of vehicle data due to the size of the data set, although it has agreed to identify all categories of available data and produce a subset of data as identified by Plaintiffs.  As of today, however, Plaintiffs have not even received the list of categories from which to request the promised subset.  *See* Ex. K.  Plaintiffs request that Tesla be compelled to produce both the vehicle photograph accessed during Mr. Javed's deposition as well as the categories of data and the identified subset of that data, and to do so without further delay.

**Tesla Should Be Compelled to Produce Other Properly Noticed Witnesses**

Finally, Tesla has refused to make current and former Tesla employees available for deposition in response to several deposition notices that Plaintiff served more than two months ago on February 3, 2021.  The deposition notices are attached as Exhibit L.  Tesla's counsel responded less than one week before the noticed depositions with a blanket refusal to produce the witnesses on the purported basis that the noticed depositions are not proportional to the needs of the case.[3]  The parties' relevant correspondence is attached as Exhibit N.  Plaintiffs' position regarding production of these non-corporate representative witnesses is fully set forth in Plaintiffs' March 9 letter, which Plaintiffs again incorporate by reference.  *See* Ex. B at 9-10.  In short, Tesla's objections to the noticed depositions are misplaced and ignore the fact that the vehicle at issue failed to operate as warranted.  Moreover, Tesla's position that Plaintiffs' claims are somehow questionable such that Plaintiffs are not entitled to discovery, because this law firm has brought

---

[2] The attached transcript is redacted to reflect Tesla's confidentiality designations, which were received on February 15, 2021.  Per the Confidentiality Order, those designations were due to be made no later than February 13 ("within 30 days after receipt of the deposition Transcript").  Plaintiffs reserve the right to object to the untimeliness of Tesla's designations.

[3] Plaintiffs have agreed to adjourn these depositions pending further guidance from the Court. Paradoxically, while chastising Plaintiffs for allegedly overbroad and disproportionate discovery and refusing to produce witnesses, Tesla on the same day served non-party Progressive Northeast Insurance Company with multiple deposition notices, including document production requests.  *See* Ex. M, February 12, 2021 email communication from M. Berard, attaching deposition notices.

other legitimate claims against Tesla, is baseless.  The fact that other cases are pending against Tesla is irrelevant here and in no way renders Plaintiffs' claims here or the discovery they seek questionable.  This Court should reject Tesla's baseless objections, and compel Tesla to make its current and former employees available for deposition.

In conclusion, Plaintiffs respectfully request that the Court grant their motion and compel Tesla to (1) properly respond to Plaintiffs' First Set of Interrogatories and Request for Production of Documents; (2) provide a properly prepared "technical" Rule 30(b)(6) witness for deposition, and related vehicle information; and (3) make current and former Tesla employees available for deposition in response to Plaintiffs' deposition notices served on February 3, 2021.

Plaintiffs can be available for a conference with the Court to discuss these issues at the Court's convenience, and also are prepared to submit further briefing as may be helpful to the Court's consideration.

Respectfully yours,

Michael R. Nelson


cc:     All counsel of record (via ECF)