

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Matthew G. Berard
Direct: 1.248.205.3348
Email: matthew.berard@bowmanandbrooke.com

April 18, 2021

VIA ECF

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Wang v Tesla, Inc.*: 1:20-cv-3040-NGG-SJB; Tesla, Inc.'s Response to Plaintiffs' April 13, 2021 Submission Re: Motion to Compel Against Mobileye

Dear Magistrate Judge Bulsara:

Tesla, Inc. ("Tesla") submits this Response Letter Brief in response to Plaintiffs' April 13, 2021 Letter Motion to Compel against Mobileye (Dkt. 52) pursuant to the Court's Individual Rules. To be clear, Tesla's positions as stated in this letter pertain only to Tesla's objections to the Subpoena that Plaintiffs issued to Non-Party Mobileye (the "Mobileye Subpoena").

However, Tesla has received the Mobileye Subpoena and has communicated its objections to Plaintiffs' counsel in the required Meet and Confer process. Tesla's position is not that a deposition of a Mobileye Corporate Representative cannot be taken by Plaintiffs in this case. If Mobileye wants to act to prevent this deposition from occurring altogether, that is a decision for Mobileye to make. However, Tesla has objections to certain of the Topics described in the Mobileye Subpoena that Plaintiffs have proposed in this case and Tesla has shared those objections with Plaintiffs' counsel as well as counsel for Mobileye.[1]

Notwithstanding, Tesla will raise its objections on the record as the deposition progresses and will preserve its ability to challenge any objectional deposition testimony, including objections on the basis of proprietary or highly confidential business information. Along these lines, so long as any testimony from a Mobileye Corporate Representative regarding Tesla's proprietary business information is protected by the extant Confidentiality Protective Order (Dkt. 35), it is not Tesla's position that the deposition must not go forward.

---

[1] As reflected in Dkt. 52-4 and 52-6, counsel for Tesla has communicated with Plaintiffs' Counsel its objection that Plaintiffs' Deposition topics are not proportionate to the needs of the case and that it objects to the extent that it seeks confidential or highly proprietary business information of Tesla.

Further, there is a Non-Disclosure Agreement (NDA) in place between Mobileye and Tesla that should apply during this proposed deposition of Mobileye's Corporate Representative. Tesla expects that Mobileye will comply with the NDA and Counsel for Tesla and Mobileye have discussed that point. It is not Tesla's position that the NDA precludes a deposition. Again, so long as any testimony and exhibits about Tesla's confidential and proprietary business activities or trade secrets that may be sought by Plaintiffs during the deposition are covered by the extant Confidentiality Protective Order, Tesla will not object to the mere fact that the deposition occurs. But Tesla reserves its rights under Fed. R. Civ. P. 30, including 30(d)(3).

Tesla's response here is not intended to affect or waive any objections or arguments potentially available to Mobileye in response to Plaintiffs' Mobileye Subpoena. Tesla intends only to present its own position relative to the objections it has to the topics listed in the Mobileye Subpoena which potentially trigger issues of confidential and highly proprietary business information that has not been demonstrated to be either relevant or proportionate to the needs of this case.

Finally, on April 18, 2021, this Court granted an extension of Mobileye to submit its response to Plaintiffs' motion until May 3, 2021. Accordingly, Tesla reserves its right to supplement this Response once Mobileye files its response on May 3, 2021 and Tesla is prepared to fully brief this matter if the Court believes it would be helpful.

Sincerely,

BOWMAN AND BROOKE LLP

Matthew G. Berard

MGB/mb
To: All Parties Via ECF