Bowman and Brooke LLP
Attorneys at Law

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Matthew G. Berard
Direct: 1.248.205.3348
Email: matthew.berard@bowmanandbrooke.com

April 19, 2021                                                                                           *VIA ECF*

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Wang v Tesla, Inc.*: 1:20-cv-3040-NGG-SJB; Tesla, Inc.'s Response to Plaintiffs' April 13, 2021 Submission Re: Motion to Compel Against Tesla**

Dear Magistrate Judge Bulsara:

Tesla, Inc. ("Tesla") submits this Response Letter Brief in opposition to Plaintiffs' April 13, 2021 Letter Motion to Compel (Dkt. 53), which seeks to compel wide-ranging discovery requiring an extraordinary investment of time and money by Tesla for a case that has, at most, a miniscule amount of actual damages. Given the clear disproportionality of Plaintiffs' discovery requests compared to the amount of actual damages at issue, Tesla opposes Plaintiffs' Motion.

### I.  Introduction

Tesla disagrees with Plaintiffs' characterization that Tesla has caused any delay relating to the discovery being conducted in this case. As this Court noted in a prior Order (Dkt. 46), much of the discovery sought in this case has not been rationalized by Plaintiffs as to why it would be discoverable in this case. Put simply, Plaintiffs have issued discovery requests that are wide-ranging and not proportionate to the needs of the case. Consequently, this Court has recognized that Tesla's objections to much of the discovery that Plaintiffs seek in this case are proper and the broad discovery demands should not be allowed. Notwithstanding, Plaintiffs now raise yet another discovery dispute due to their displeasure with the scope of the discovery being allowed for a case that has nominal value. Notwithstanding, Tesla responds in substance to each of the categories of Plaintiffs' letter Motion (Dkt. 53).

### II.  Documents Produced by Tesla

Plaintiffs raise an issue pertaining to a set of documents that Tesla agreed to produce in response to Plaintiffs' written discovery requests: including copies of certain lawsuits, the Owner's Manual, an image from the deposition of Azam Javed, and representative images of pop-ups

displayed from the Subject Vehicle. On April 19, 2021, counsel for Tesla produced those items as it had agreed to. Thus, it is Tesla's position that this issue has been resolved and is now moot.

### III. Tesla's Objections to Plaintiffs' Written Discovery

Plaintiffs yet again take issue with Tesla's objections to Plaintiffs' written discovery requests and seek immediate responses to wide-ranging, overly broad, and disproportionate discovery requests. For the reasons outlined in correspondence with Plaintiffs' counsel (see Exhibits to Plaintiffs' Letter Motion), and as explained in prior briefings, Tesla maintains its objections relating to the proportionality of discovery being sought by Plaintiffs in this case where damages are nominal. As this Court noted in its prior Order (Dkt. 46), much of the discovery sought in this case has not been rationalized by Plaintiffs as to why it would be discoverable in this case. The Court may recall that Plaintiffs attempted to rescue the need for disproportionate discovery by having Progressive execute a December 15, 2020 Assignment of Subrogation Rights from Progressive to Plaintiffs[1], years after the subject incident and long after it was clear Plaintiffs lacked any tangible ability to pursue damages in this case. This Assignment was nothing but a transparent and last-ditch attempt to avoid the unavoidable conclusion that this case truly has nominal or no value for which such wide-ranging discovery would be grossly disproportionate to the needs of this case. Notwithstanding, Plaintiffs forge ahead with seeking voluminous, costly, disproportionate, and irrelevant discovery in this case where Plaintiffs were admittedly been made whole via insurance payout by Progressive totaling $101,418.26 on January 11, 2018 (less than one-month after the subject incident).

### IV. Tesla's Corporate Representative Deposition

Plaintiffs contend that Tesla produced a witness that was not prepared for the Corporate Representative deposition Noticed by plaintiffs. That deposition occurred on December 18, 2020. Again, Tesla disagrees with Plaintiffs' characterization that the witness was "woefully unprepared" for this deposition, evidenced by the fact that this was a full-day deposition totaling 200 pages of deposition transcript testimony. Fed. R. Civ. P. 30(b)(6) is clear that a corporate defendant need not produce a witness for testimony that is the most knowledgeable. Additionally, New York Law is also clear that a Corporate Defendant need not produce a witness for testimony that is the "most knowledgeable" on every single potential subject that could be raised during a full-day deposition. Instead, New York Law is clear that a Corporate Defendant need only produce a witness that is reasonably prepared to address the non-objectionable Topics raised by a Deposition Notice.

In *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1775, 2012 WL 1129852, at *1 (E.D.N.Y. Mar. 27, 2012), the court stated that "[t]here is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide "all the *relevant* information known or reasonably available to the entity." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* No. 01 CIV. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). That the entity no

---

[1] Notably, as revealed in documents produced by Non-Party Progressive Insurance, this "Assignment" was prepared by Plaintiffs' Counsel for Progressive and was discussed between Michael Tyminski, Advanced Vehicle Technology Counsel for Progressive, and Plaintiffs' counsel during one of Progressive's regular internal "AVT Group" Calls.

longer employs persons with personal knowledge of the matters identified in the notice does not absolve the entity from compliance. "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.1996) (citing *Dravo Corp. v. Fiberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D.Neb.1995)); *accord, e.g., Spanski Enterprises, Inc. v. Telewizja Polska, S.A.,* No. 07 Civ. 930, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (G.Lynch, J.); *In re Vitamins Antitrust Litigation,* 216 F.R.D. 168, 173–74 (D.D.C.2003). This duty requires the responding party to educate its designees "***to the extent matters are reasonably available***, whether from documents, past employees, or other sources." *Fleurimond v. New York University,* No. CV 09–3739, 2011 WL 3273876, at *2–3 (E.D .N.Y. July 29, 2011) (quoting *Bank of New York v. Meridien Biao Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y.1997).

In *Wilson v. Lakner*, 228 F.R.D. 524 (D. Md. 2005) the court noted that "[w]hile the rule ***may not require absolute perfection in preparation***—it speaks after all of matters known or "reasonably available to the organization"—it nevertheless certainly requires a good faith effort on the party of the designate to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge just as a corporate party is expected to do in answering interrogatories." *Id.* at 528–29.

Plaintiffs have failed to demonstrate how Tesla did not comply with this duty to put forth a good faith effort to prepare a witness to address the deposition topics that consumed an entire day of testimony and 200 deposition transcript pages. Further, Plaintiffs seek additional corporate representative depositions of other individuals who were only tangentially referenced during the December 18, 2020 deposition. As is clear from the deposition transcript of Tesla's Corporate Representative, Azam Javed, he did not identify other who were more knowledgeable on Plaintiffs' deposition topics. Rather, he identified individuals whom he consulted with in preparation of the deposition. In other words, Plaintiffs' counsel has requested to depose only individuals who Mr. Javed had identified as simply consulting with, but did not direct Mr. Nelson to particular individuals who had or were likely to have more knowledge about certain topics in Plaintiffs' deposition notice. In short, Tesla objects to Plaintiffs' demand for an additional Corporate Representative witness in this case, (1) particularly given that which was gleaned during the December 18, 2020 deposition as well as the comprehensive nature in which Plaintiffs' counsel had examined the witness, and (2) because further Corporate Representative depositions are not proportional to the needs of this case. Moreover, Tesla *did* agree to make a 2nd Corporate Representative available in response to Plaintiffs' initial Rule 30(b)(6) Notice. Tesla prepared that witness only to have Plaintiffs' Counsel abruptly cancel that deposition three (3) days before it was set to start based on an allegation that Tesla failed to provide information before the deposition – a claim that Tesla denies. Tesla suspects that no number of corporate representatives will ever satisfy Plaintiffs' insatiable appetite to learn as much as they can about Tesla's business and technology for use in other currently pending and future litigation. Tesla need only comply with its obligation to produce a witness to discuss relevant issues that are reasonably available to it. Plaintiffs have failed to demonstrate why they should be entitled to numerous other corporate representative witnesses for this case involving nominal damages. While Tesla believes this Court

can and should deny Plaintiffs' Motion, to the extent this Court considers ordering another corporate representative deposition to occur, Plaintiffs have failed to demonstrate why Mr. Javed, an engineer, very knowledgeable about the subject vehicle and the alleged incident, is not capable of being deposed on topics that this Court identifies as requiring additional testimony.

### V. Production of Other Tesla Witnesses

Tesla also disagrees with Plaintiffs' characterization that Tesla did anything to prevent the depositions of other Tesla witnesses from proceeding. As raised above and as is clear from correspondence between Plaintiffs' Counsel and Counsel for Tesla, it was Plaintiffs who unilaterally decided to not proceed with a deposition already scheduled between the parties. Tesla has already agreed to produce other employee witnesses and not only attempted to locate and contact former employees (over whom Tesla has no control), but has furnished last-known contact information for these witnesses for Plaintiffs to use in attempting to subpoena these witnesses.

### VI. Conclusion

Tesla maintains its objection in respect to the needs of this case and what constitutes discovery that is proportionate to the needs of this case. As Tesla outlined in prior Briefing, as well as its objections and correspondence to Plaintiffs' Counsel during the meet and confer process, this property damage case has nominal damages because Plaintiffs have already been fully reimbursed and made whole through an insurance payout by Progressive Insurance. Plaintiffs' expansive discovery efforts for nominal damages is disproportionate to the needs of the case and this Court has already recognized that there are limits to the discovery that can be conducted here.

Tesla requests that this Court deny Plaintiffs' Motion to Compel the discovery sought by Plaintiffs. Tesla is prepared to fully brief this matter if the Court believes it would be helpful.

Sincerely,

BOWMAN AND BROOKE LLP

Matthew G. Berard

MGB/mb
To: All Parties Via ECF