
200 Park Avenue
Suite 1700
New York, NY 10017
nelson.legal

**Michael R. Nelson**
C: 212 233 5083 • O: 212 457 1668
nelson@nelson.legal

October 13, 2021

**VIA ECF**

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Wang v. Tesla, Inc.*, **Case No. 20-cv-3040; Motion to Compel Deposition of Andrej Karpathy and Rule 30(b)(6) Witness Testimony on Vision Technology.**

Dear Magistrate Judge Bulsara:

  This letter motion seeks to compel Tesla, Inc. ("Tesla") to produce Andrej Karpathy for deposition as well as a corporate representative to testify to the topic of vision technology. On September 3, 2021, Plaintiffs served three deposition notices: 1 *Notice of Videotaped Deposition Duces Tecum of Tesla, Inc.* with Topics for Examination related to vision technology (the "Vision Technology" deposition); 2. *Notice of Videotaped Deposition of Andrej Karpathy*; and 3. Plaintiffs re-served its previous Rule 30(b)(6) notice as it relates to the marketing topics.[1] All three of the deposition notices served on September 3, 2021 are attached as Exhibit A. On September 20, 2021 Tesla served its objections to both the Rule 30(b)(6) deposition related to vision technology and the deposition of Mr. Karpathy. Tesla's objections are attached as Exhibit B. The undersigned has conferred with opposing counsel in accordance with Fed. R. Civ. P. 37(a)(1) and Indiv. R. IV(B) on numerous occasions in a good faith effort to resolve this dispute to no avail. See Ex. C, Certificate of Conference.

  Tesla asserted several objections to the Vision Technology deposition and the deposition of Mr. Karpathy, each without merit. First, Tesla objects to the notices because the deposition dates were "unilaterally chosen by Plaintiffs" – yet counsel for Plaintiffs expressly stated that counsel would confer with Tesla's counsel on dates and times for the depositions that were workable for all counsel and witnesses. See Ex. A, September 3, 2021 cover email serving deposition notices. Second, Tesla objects to the language in the notice that the deposition "will continue day to day until completed" and refers to this language as "facially improper." Fed. R. Civ. P. 30(d)(1) provides that a deposition is limited to 1 day of 7 hours unless otherwise stipulated or ordered by the court, and that the court must allow additional time consistent with Rule 26 if needed to fairly

---

[1] Notably, Plaintiffs are far below the 10-deposition limit contemplated by the federal rules – deposing only one person.

examine the deponent. Fed. R. Civ. P. 30(d)(1); s*ee also, e.g., In re Sept. 11 Litig.*, 431 F. Supp. 2d 405, 407 (S.D.N.Y. 2006). While deposition length of seven hours in one day is standard, it is feasible, and permissible under Rule 30(d)(1), for a deposition to continue beyond one day. Thus, it is not improper to state that a deposition may continue to another day and is hardly grounds to refuse to produce a witness for deposition.

Third, Tesla objects to both the Vision Technology deposition and the deposition of Mr. Karpathy on the basis that the scope of the Notices and the document request is "unduly burdensome, irrelevant, overly broad and not proportional to the needs of the case." *See* Objections at p. 4.

The Vision Technology deposition is not unduly burdensome or overly broad because it identifies with particularity the specific topics for examination. Generally, a Rule 30(b)(6) notice must state with particularity the topics for examination, including the subject area and have "discernible boundaries". *See Winfield v. City of New York*, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018), citing *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C. 2005); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). "This means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated." *Id*., citing *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C. 2005). Additionally, the topics should be relevant to the claims or defenses. *Id*. Notices seeking too broad of a scope of examination may be quashed. *See General Foods Corp. v. Computer Election Systems, Inc.*, 1980 WL 30300, at *2 (S.D.N.Y.1980) (notice seeking "every fact, conception, intention, understanding, belief and sense impression" is of "almost limitless scope" and improper). Here, each of the topics for examination are specific and narrowly tailored. By way of one example, topic number one states: "The camera sensor technology (hardware and software) incorporated in the Tesla Model X (the "Vision Technology")". *See* Ex. A. The topics are far from a "limitless scope" and explicitly stated. *See id*. Accordingly, Tesla's objection that the notices are overly broad and unduly burdensome is misplaced.

The Vision Technology deposition and the deposition of Mr. Karpathy are relevant and proportional to the needs of the case. Tesla states that Plaintiffs deposed a "technical" Tesla corporate representative about issues related to the design, manufacturing and operation of the subject vehicle and that Tesla agreed to produce a corporate representative to testify regarding its advertising and marketing practices during the relevant time period. Objections at p. 3. Just because Tesla produced a "technical" witness does not render the instant depositions irrelevant or disproportional to the needs of the case. The Vision Technology deposition topics are directly relevant to Plaintiffs' claims that the that the subject vehicle failed to function as warranted by not detecting a merging vehicle while operating in Autopilot. Tesla further objects to the deposition of Mr. Karpathy because he is a "high-level engineering executive" who is "not involved in the development or maintenance of the marketing materials", "does not oversee the current or former employees who allegedly interacted with Plaintiffs" and has not investigated the collision at issue in this case. *Id*. Plaintiffs understand that Mr. Karpathy's work at Tesla involves the Autopilot computer vision team – which again is directly related to Plaintiffs' claims regarding the failure of the subject vehicle to operate as warranted while in Autopilot mode.

Finally, Tesla has represented on several occasions that it will provide dates for the deposition of the "marketing topics" witness – yet, months have gone by with no proposed dates from Tesla, despite Plaintiffs' counsel repeatedly following up.

Based on the foregoing, Plaintiffs respectfully request that the Court compel Tesla to produce for deposition (1) a corporate representative to testify on topics identified on the Vision Technology deposition notice; (2) Mr. Karpathy; (3) a corporate representative to testify as to the marketing topics, without further delay.

Very truly yours,

Michael R. Nelson

cc: All counsel of record (via ECF)