# Bowman and Brooke LLP
## Attorneys at Law

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Matthew G. Berard
Direct: 1.248.205.3348
Email: matthew.berard@bowmanandbrooke.com

October 18, 2021              *VIA ECF*

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Wang v Tesla, Inc.*: 1:20-cv-3040-NGG-SJB; Tesla, Inc.'s Response to Plaintiffs' October 13, 2021 Submission Re: Motion to Compel Deposition of Andrej Karpathy and Rule 30(b)(6) Witness testimony on Vision Technology

Dear Magistrate Judge Bulsara:

Tesla, Inc. ("Tesla") submits this Response Letter Brief in response to Plaintiffs' October 13, 2021 Letter re: Motion to Compel Deposition of Andrej Karpathy and Rule 30(b)(6) Witness testimony on Vision Technology (Dkt. 73) (Motion to Compel) pursuant to the Court's Individual Rules. For the reasons stated below, the Motion to Compel should be denied.

### I. Introduction

As this Court noted in a prior Order (Dkt. 46), much of the discovery sought in this case (a simple and relatively minor low speed motor vehicle collision with property damage only) has not been rationalized by Plaintiffs as to why it would be discoverable in this case. Put simply, Plaintiffs have issued discovery requests and multiple 30(b)(6) deposition notices that are wide-ranging and not proportionate to the needs of the case. Consequently, this Court has recognized that Tesla's objections to much of the discovery that Plaintiffs seek in this case are proper and the broad discovery demands should not be allowed. Notwithstanding, Plaintiffs now raise yet another discovery dispute as part of their attempt to unnecessarily expand the scope of discovery with notices for more corporate representative testimony and the deposition of a senior engineering executive from Tesla. As it has done before, Tesla requests that this Honorable Court again deny Plaintiffs' attempt to broaden discovery beyond what is proportional to the needs of this case. Plaintiffs' Motion to Compel should be denied.

### II. The Notice of Deposition Relating to Vision Technology is Irrelevant to this Matter and Not Proportionate to the Needs of the Case

This case is not an "Autopilot defect case," despite Plaintiffs' continuing effort to frame it that way. Rather, the underlying low speed motor vehicle collision occurred solely because of

Plaintiff Chan's driving – in short, it is **undisputed** that Mr. Chan manually pressed the accelerator pedal and he turned the steering wheel causing the Tesla to contact other vehicles on the Long Island Expressway during rush hour traffic that was slowly moving. Tesla has repeatedly explained these facts to Plaintiffs since 2018, proved with data from the vehicle. This discussion began with Tesla's response to Plaintiffs' Counsel's Petition for pre-suit discovery filed in State Court that he pursued on behalf of Progressive Insurance Company.

Now, years later and after having responded to their petition for pre-suit discovery, appeared and defended itself in this suit, proceeded through the last 12 months of fact discovery, and having provided a corporate representative witness (an engineer) - along with the data – Plaintiff persists in 1) claiming this is an "Autopilot crash" entitling him to extensive Autopilot discovery, and 2) failing to explain the inescapable reality that Chan was the sole cause of the collision. Even if Autopilot did cause the Tesla to accelerate into the crash, which it did not, Plaintiff does not explain or excuse his failure to follow the instructions that appear in the Owner's Manual and on the screen to pay attention and be prepared to take over. Either he wasn't paying attention and failed to take over, or, as the data shows, he did take over and when he did, he crashed his car.

Thus, Plaintiffs' deposition of a Tesla witness for "vision technology" is completely irrelevant to this lawsuit and, thus, not proportionate to the needs of this case. Nothing has occurred over 12 months of fact discovery to contradict the data supporting Tesla's explanation. Tesla also notes that Plaintiffs' deposition notice references a news article that was not attached to the deposition notice and which then asks for Tesla to produce a witness most knowledgeable about quotes from a news article purportedly attributed to Tesla's CEO Elon Musk. This is yet another baseless and irrelevant request for information that has no relevance to this particular Tesla vehicle or this lawsuit.

Yet, Plaintiffs assert that "[t]he Vision Technology deposition topics are directly relevant to Plaintiffs' claims that the subject vehicle failed to function as warranted by not detecting a merging vehicle while operating in Autopilot." However, it remains undisputed that Plaintiff Chan manually applied the accelerator pedal prior to the subject crash such that it was Chan that caused the vehicle to accelerate into other vehicles, not Autopilot. Thus, even if Autopilot was activated by Chan at some point prior to the subject incident, once Plaintiff Chan pressed his foot on the accelerator and started steering the vehicle, he overrode Autopilot such that Autopilot was no longer causing the subject vehicle to move. This fact was explained in detail by Tesla's prior 30(b)(6) witness, Azam Javed, during his seven (7) hour deposition. *See* Deposition of Azam Javed 12.18.20 (P. 108:3 to 108:13)

A: Okay. So going back to the data, Autosteer was engaged. Traffic-aware cruise control was engaged. Excuse me. And this alert was triggered, steering override. So the driver took control of the steering wheel, which cancels Autosteer. And that's what we see here, unavailable. Traffic-aware cruise control is still engaged. **We see the override signal, which means driver is applying manual accelerator pedal press. And that's reflected here, 100 percent. Moments later, the driver steers the vehicle left sharply while pressing the A pedal to 100 percent.**

Again, no evidence exists to suggest that Autopilot caused the crash because it failed to "see" or "detect" another vehicle. Rather, the data from the subject Tesla that is unrefuted and conclusively proves that before a crash occurred, Chan applied 100% accelerator and then steered the vehicle into surrounding vehicles. (*See* Exhibit A – Chan Traffic Aware Control "TACC" Information). Moreover, Plaintiff cannot prove that had he done nothing, had he not intervened, there would have been a crash. In other words, where he claims the vision system failed to detect a merging vehicle, he cannot prove that the Tesla would *never* have detected the merging vehicle and would have hit it or another car but for the driver's intervention. Likewise, even if the Tesla did hit that merging vehicle the speed was much slower and thus the damages much less than what did transpire as a result of the driver pressing the accelerator to 100%.

In *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1775, 2012 WL 1129852, at *1 (E.D.N.Y. Mar. 27, 2012), the court stated that "[t]here is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide "all the *relevant* information known or reasonably available to the entity." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* No. 01 CIV. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). Further, even if this witness was somehow relevant to Plaintiffs' allegations, this Court can still limit discovery in this case because it is not proportionate to the needs of the case. Unless otherwise limited by this Court:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, **considering** the importance of the issues at stake in the action, **the amount in controversy**, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added).

On the issue of proportionality, rulings from Federal District Courts in New York and New York State Courts have limited or precluded discovery as excessive and disproportionate to the needs of the case where the amount in controversy, *i.e.*, plaintiff's alleged damages, are nominal as compared to the amount of discovery sought or cost it would require to undertake such discovery. For example, in *Michael Kors, LLC v Su Yan Ye*, 2019 WL 1517552, *7 (S.D.N.Y. April 8, 2019), the court denied a motion to compel discovery related to trademark and licensing information as irrelevant and disproportionate to the needs of this case "because the potential relief obtainable based on profits earned from the sale of Defendant's goods is small. Indeed, … Defendant indicated that her total revenue from the allegedly infringing products was approximately $200,000 and profits less than 25% of revenues." Where the discovery sought would no doubt result in attorneys' fees and expenses on both sides exceeding the damages that could be obtained in this case," the court explained that "[p]otential damages are an important consideration in determining whether a request is proportional. . . ."

Further, "while counsel have an obligation to zealously advocate, when a case involves relatively low damages, counsel must carefully evaluate how to effectively advocate while keeping the costs of litigation down. Paring down discovery requests to those documents most essential to the case, offering meaningful compromises in response to an objectionable document request, avoiding discovery disputes, and meeting and conferring in good faith to resolve disputes without

the need for motion practice are all critical obligations under Rules 1 and 26." *Id*. See also *Gelita, LLC v. 133 Second Ave., LLC*, 42 Misc. 3d 1216, *5 n. 2 (Sup. Ct. N.Y. Jan. 22, 2014) (noting that "substantial sums of money" can be saved "by narrowing the scope of discovery." This is especially true "when the scope of electronic discovery, which is almost always necessary and quite expensive, will get out of hand and run up costs disproportionate to the amount in controversy.") C.f., *Black v. Buffalo Meat Svc., Inc.*, 2018 WL 3213288, *7 (W.D.N.Y. June 29, 2018) (court granted defendants' request that plaintiff's deposition be reopened for additional examination, citing, among other factors, that the plaintiff "alleges that she was damaged in the amount of $2 million in lost revenue for each of her ten causes of action," and thus, "the damages sought support additional time for conclusion of plaintiff's deposition."); *Forte v. Liquidnet Holdings, Inc.*, 2014 WL 12775220, *3 (S.D.N.Y. December 2, 2014) (permitting discovery of compensation data of defendants' other sales representatives in a discrimination lawsuit with public interest implications and where the amount in controversy exceeded $3 million in compensatory damages and $27 million in punitive damages).

The Rule 26 proportionality analysis is critical to this dispute and, as applied here, it is clear that Plaintiffs are not entitled to continue to attempt to conduct the overly broad discovery they seek by deposing numerous witnesses at significant expense for this case that carries only a nominal value (if any). Thus, Plaintiffs' Fed. R. Civ. P. 30(b)(6) Notice of Deposition regarding "Vision Technology" is aimed squarely at irrelevant issues and the demand is not proportional to the needs of this case.

### III. The Notice of Deposition for Andrej Karpathy is Irrelevant to this Matter and Not Proportionate to the Needs of the Case

As with Plaintiffs' "Vision Technology" "30(b)(6)" deposition notice, their notice for Andrej Karpathy's deposition is also irrelevant, overly broad, and (most importantly) unduly burdensome and not proportionate to the needs of this case. Regardless of the relatively minor nature of this case,[1] Plaintiffs are clearly seeking to scorch the earth through discovery so that they can educate themselves on Tesla's technology, rather than pursue some specific claim about an alleged defect. Plaintiffs' counsel started this litigation as counsel for Progressive Insurance and, on behalf of Progressive, has pursued data from Tesla in numerous other matters. In this case, after Chan testified as to the nominal damages, Counsel brokered an assignment of subrogation rights back from Progressive to Plaintiffs to enable them to claim their modest amount of actual damages as well as Progressive's formerly subrogated rights. Here, though, Plaintiffs are simply unable to pursue a specific defect claim because they have already been provided with the data that shows Plaintiff Chan manually pressed the accelerator and manually steered the subject Tesla into other surrounding vehicles. Rather than accept that, Plaintiffs continue to demand discovery that is disproportionate to the value and needs of this case. As this Court will probably recall, Plaintiffs

---

[1] Nonetheless, Plaintiffs forge ahead with seeking voluminous, costly, disproportionate, and irrelevant discovery in this property damage case where Plaintiffs were admittedly been made whole via insurance payout by Progressive totaling $101,418.26 on January 11, 2018 (less than one-month after the subject incident) and this Court has already recognized that there are limits to the discovery that can be conducted here.

even tried to turn this case into a nationwide class action and this Court denied their Motion to do so. They tried to pursue discovery from a supplier to Tesla from several years ago and failed.

In any event, Mr. Karpathy is one of four Directors of Autopilot at Tesla, currently serving as Tesla's Director of Artificial Intelligence and Vision. While Plaintiffs have failed to establish that the "vision" aspect of Autopilot is relevant or proportional to the needs of this case, to the extent Plaintiffs desire to learn more about Tesla's Autopilot, Mr. Karpathy has already publicly explained – in detail – how the system was designed and works. Mr. Karpathy can be found explaining the Autopilot functions on numerous occasions:

> https://www.youtube.com/watch?v=j0z4FweCy4M
> https://www.youtube.com/watch?v=NSDTZQdo6H8

Requiring Tesla to furnish Mr. Karpathy for a deposition for seven hours, so that Plaintiffs can ask him questions he likely already answered and they could learn from YouTube would be extremely burdensome to Tesla, particularly for a case that has nominal value and relates to Mr. Chan's manual application of the accelerator pedal. In other words, even if Plaintiffs deposed Mr. Karpathy on one or more of the topics in Plaintiffs' deposition notice, the answers to Plaintiffs' questions would have no relevance to this case where the data shows that Autopilot was not the cause of the acceleration or the steering into surrounding vehicles. Thus, it can hardly be substantiated to compel Tesla to produce a witness under these circumstances and compelling the deposition of Mr. Karpathy is unduly burdensome and not proportionate to the needs of this case.

### IV.    Conclusion

Tesla maintains its objection with respect to the needs of this case and what constitutes discovery that is proportionate to the needs of this case. As Tesla outlined in prior Briefing, as well as its objections and correspondence to Plaintiffs' Counsel during the meet and confer process, this property damage case has nominal damages because Plaintiffs have already been fully reimbursed and made whole through an insurance payout by Progressive Insurance. Plaintiffs' expansive discovery efforts for nominal damages is disproportionate to the needs of the case and this Court has already recognized that there are limits to the discovery that can be conducted here. Tesla requests that this Court deny Plaintiffs' Motion to Compel the discovery sought by Plaintiffs. Tesla is prepared to fully brief this matter if the Court believes it would be helpful.

Sincerely,

BOWMAN AND BROOKE LLP

Matthew G. Berard

MGB/mb
To: All Parties Via ECF