# Bowman and Brooke LLP
## Attorneys at Law

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Matthew G. Berard
Direct: 1.248.205.3348
Email: matthew.berard@bowmanandbrooke.com

October 18, 2021

VIA ECF

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Wang v Tesla, Inc.*: 1:20-cv-3040-NGG-SJB; Tesla, Inc.'s Response to Plaintiffs' October 13, 2021 Submission Re: Motion to Extend Court's Scheduling Order

Dear Magistrate Judge Bulsara:

This is Tesla, Inc.'s ("Tesla") Letter Brief in Response to Plaintiffs' October 13, 2021 Letter re: Motion to Extend Court's Scheduling Order (Dkt. 74) (Motion to Extend) pursuant to the Court's Individual Rules. Plaintiffs' Motion to Extend should be denied for the reasons stated below.

By way of background, Tesla notes that this matter was filed on June 5, 2020 but had originated as a petition for pre-suit discovery in Nassau County Supreme Court on October 2, 2018. That petition was resolved by agreement of the parties that involved provision of vehicle related data to Plaintiffs before any lawsuit was filed. Yet, some three years after Plaintiffs first sought discovery relating to this matter, they now seek a second extension of the discovery cutoff so as to continue their efforts to build a library of any and all data or information they can obtain from Tesla and using this case as the mechanism for achieving their goal.

Once filed in this Court, a Rule 26(f) conference was held on September 24, 2020 and the original scheduling order (Dkt, 23) was entered on October 16, 2020 which afforded the parties twelve months (or until October 15, 2021) to conduct non-expert fact discovery. Thereafter, Tesla agreed to a request for an extension by Plaintiffs for, among other deadlines, expert discovery and discovery cutoff, without altering the non-expert discovery deadline (*See* Dkt. 70), which was entered by this Court on July 30, 2021.

Now, after eleven months since the Scheduling Order was entered and two months after the parties agreed to certain extensions of deadlines, Plaintiffs served three deposition notices only forty-two days before the current fact discovery cutoff. Moreover, Plaintiffs filed the present motion only two days before the fact discovery cutoff of October 15, 2021.

Basing the extension request on the scheduling of depositions is improper as the parties had agreed on the scheduling of a previously noticed "30b6" deposition. An engineer from Tesla testified in response to that notice in December 2020 for a full day. Tesla agreed to make another employee available in response to that notice for deposition in March 2021, However, Plaintiffs' Counsel unilaterally cancelled that second deposition claiming discovery deficiencies prevented him from conducting that deposition, but failing to explain his delay in pursuing those alleged deficiencies. In other words, he complained about not getting a witness and then when faced with taking that witness' deposition he complained he wasn't ready to proceed. And, of course, it's all Tesla's fault. Tesla disagreed with that claim. Plaintiffs filed a Motion to Compel (*see* Dkt 53) which was denied by this your Honor on May 12, 2021. Notwithstanding, Tesla has consistently said it is willing to make its second witness available for a live or "remote" deposition in response to Plaintiffs' original 30b6 notice, and offers November 12, 2021 to get it completed.

Besides deposing Tesla's 30b6 engineering witness, the parties have also completed depositions of Plaintiff Chan and Wang, the driver of the subject Tesla, and other motorists involved in this relatively minor, property-damage only incident. The parties have also exchanged written discovery and jointly inspected the Tesla (which Plaintiffs were unwilling to preserve for the pendency of this case).

Tesla timely objected to Plaintiffs' most recent additional deposition notices served on September 4, 2021 which are the subject of Plaintiffs' other pending Motion to compel. As Tesla explained in its Response to Plaintiffs' other pending Motion, it objects to those depositions (and the continuation of fact discovery generally) for a variety of reasons including that they demand discovery that is not proportional to the needs of this simple case and not important to resolution of this case.

Another potential reason for Plaintiffs' claimed need for more time to conduct discovery is the fact that they wasted months of time attempting to take this clear case of driver error and make it into a nationwide class action. On January 21, 2021, Plaintiffs filed a motion for leave to amend the complaint to add class claims (Dkt. 42), suggesting this meager change would not prejudice Tesla or the conduct of this litigation, which of course, is ridiculous. The parties extensively briefed this issue and the Court correctly denied the motion as to the class claims. This is not a class action. Indeed, as discussed in Tesla's opposition to the motion to compel more depositions, this is not even an "Autopilot case." However, Plaintiffs persist in their pursuit of more discovery that is not relevant to the cause of this crash or proportionate to the needs of this case: the driver pressed the accelerator, and the driver steered the car into other cars and thus he caused this crash.

Thus, Plaintiffs' motion to extend the scheduling order a second time should be denied, particularly given the pre-suit history of this case, the fact discovery that has already been completed and the nominal amount in controversy here. The parties have had 12 months to conduct fact discovery of a simple case based on a relatively minor motor vehicle collision that led to property damage claims only. Over 12 months of fact discovery has established that this incident occurred because of Plaintiff Chan's negligent driving and not because of any alleged defect. Extending the fact discovery deadline a third time will not change those facts. Instead, it will provide Plaintiffs' Counsel another opportunity to demand technical data from Tesla that is not

proportional to the needs of this simple case and not important to resolution of this case in a way that is contrary to FRCP 26. For these reasons, Tesla respectfully requests that this Honorable Court Deny Plaintiffs' Motion to Extend.

    Sincerely,

    BOWMAN AND BROOKE LLP

    Matthew G. Berard

MGB/mb
To: All Parties Via ECF