UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JING WANG and WAI-LEUNG CHAN,

                      Plaintiffs,

                                                    **ORDER**
                                                    20-CV-3040-NGG-SJB

        *v.*

TESLA, INC.,

                      Defendant.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Plaintiffs have moved to compel the deposition testimony of a Tesla executive—Andrej Karpathy—and a Rule 30(b)(6) witness related to "vision technology." (Mot. to Compel ("Mot. to Compel") dated Oct. 13, 2021, Dkt. No. 73). The motion is denied.

      The Court previously denied Plaintiffs' motion to amend this case and transform it into a class action covering all Tesla vehicles involved in accidents involving Tesla's "autopilot." *Wang v. Tesla*, Inc., 338 F.R.D. 428, 433 (E.D.N.Y. 2021). Now, in the guise of discovery, Plaintiffs are seeking wide-scoping and broad discovery that bears no reasonable relationship to the claims in the case. For example, the deposition notice relating to vision technology directs Tesla to provide a witness to testify about "the design parameters" of the "Model X vision technology" (Topic 3); the process of a 2016 article attributed to Elon Musk (Topic 8); the communications of Tesla to the NHTSA (Topic 11), among others. (Notices of Videotaped Deposition *Duces Tecum* of Tesla, Inc. and Notice of Videotaped Deposition of Andrej Karpathy ("Deposition Notices"), dated Sept. 3, 2021, attached as Ex. A to Mot. to Compel at 12). The breadth of these topics is stunning and their relevance to a single car accident case is unexplained and facially

irrelevant.  The motion papers make no attempt to tie the allegations in this case and the accident at issue to these topics, focusing instead on the nature of Tesla's objection or speaking in broad generalities.  (*See* Mot. to Compel at 2).  The need for Mr. Karpathy's testimony is also unexplained other than to say that "[p]laintiffs understand [his] . . . work involves the Autopilot computer vision team, which again is directly related to Plaintiffs' claims regarding the failure of the subject vehicle." (*Id.*).  The statement is conclusory, cites to no other piece of discovery, and provides nothing but an *ipse dixit* explanation to justify a deposition of a senior executive.  That is not sufficient to warrant the discovery sought.  If the 30(b)(6) deposition notice is a guide to the need for vision technology discovery and its relevance to this case, the inability to tie those deposition topics to the facts in this case strongly suggests that deposing Mr. Karpathy is a detour into areas that are well beyond the case parameters the Court has already established.

      The Court separately notes that Plaintiffs' Rule 30(b)(6) deposition notices are facially invalid.  This Rule was amended in 2020 to require the parties to immediately confer after such a deposition notice is served—that is, to confer outside of the meet and confer process attendant to a motion to compel, and the notice must "advise a nonparty organization of its duty to confer with the serving party." Fed. R. Civ. P. 30(b)(6).  The Rule was amended "to respond to problems that have emerged" in such depositions including, "overlong and ambiguously worded lists of matters for examination" and as such, "directs that the parties confer either before or promptly after the notice or subpoena is served." (Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment).  The notices did not meet these requirements, and the meet and confer certificate refers to efforts on issues "raised by this motion," *i.e.* the motion to compel.  Separately, the certification about conferring about the motion to compel

appears to be dubious, at best.  It provides a date of September 8, 2021.  (*See* Certificate of Conference dated Oct. 13, 2021 attached as Ex. C to Mot. to Compel).  But the objections to the deposition notices were made on September 20, 2021.  (*See* Def. Tesla, Inc.'s Responses and Objections to Pls.' Sept. 3, 2021 Notice of Videotaped Deposition Pursuant to Rule 30(b)(2), Rule 30(b)(6), and Rule 34 *Duces Tecum*, attached as Ex. B to Mot. to Compel).  One cannot confer on a motion to compel before the other side has even responded to the discovery requested.  Doing so violates the requirements for meeting and conferring on a motion to compel.  (*See* Fed. R. Civ. P. 30(b)(6); *see also* Individual Practices of Magistrate Judge Sanket J. Bulsara, Rule IV.B. ("To properly meet and confer to resolve a pending motion, the opposing party should be made aware that a motion to compel is being contemplated, and the parties must actually speak and communicate about the motion before it is filed to satisfy the meet and confer obligation.").

The Court separately denies the motion to extend the discovery deadlines in the case.  (Pls.' Letter-Motion to Extend Deadlines dated Oct. 13, 2021, Dkt. No. 73).  First, the need to extend the discovery deadlines is premised on this Motion to Compel, which is denied.  Second, objecting to the prior order is not a basis to extend the discovery deadline, because in the unlikely event that such objections are sustained—requiring a showing of "clear error" tantamount to an abuse of discretion—accommodations and schedule adjustments will be made that that time.  Third, Tesla has indicated that it will make a 30(b)(6) witness on "marketing" topics available on November 12, 2021.  (*See* Def.'s Letter-Motion in Opp'n to Motion to Extend Deadlines dated Oct. 18, 2021, Dkt. No. 76).  The fact discovery deadline is extended only for the purposes of conducting this deposition.  The remainder of the schedule remains as previous ordered.

SO ORDERED.

/s/ *Sanket J. Bulsara*  October 21, 2021
_____
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York