UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WANG ET AL.,

                Plaintiffs,

    -against-

TESLA, INC.,

                Defendant.

**MEMORANDUM & ORDER**

**20-cv-03040 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of a letter dated June 26, 2021 (postmarked October 15, 2021), seeking an order to unseal a redacted deposition transcript in this case. (Letter from Aaron Greenspan ("Letter") (Ex. A).) Magistrate Judge Sanket J. Bulsara previously adopted a confidentiality order permitting parties to "designate as confidential specific portions of [a deposition] transcript which contain confidential matters under the standards set forth" in the order. (Confidentiality Order (Dkt. 35) at 2.) Pursuant to that order, the deposition transcript of a Tesla engineer, Azam Javed, was substantially redacted. (Azam Javed Dep. Tr. (Dkt. 53-9).) It is that transcript that Aaron Greenspan, a data journalist with PlainSite, seeks to un-redact, arguing that there is a significant public interest in the safety of Tesla's Autopilot system, the subject of the litigation. (Letter at 1.)

Certain court documents "are subject at common law to a potent and fundamental presumptive right of public access," and are subject to a three-step analysis "[t]o determine whether the presumption attaches." *Mirlis v. Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020).[1] The right, however, applies only to "judicial documents" that are "placed before the court by the parties and [are] relevant

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

1

to the performance of the judicial function and useful in the judicial process." *Id.* at 59.

Accordingly, this category includes information that is "presented in a public session of the court" and materials that are entered into evidence, regardless of form. *United States v. Graham*, 257 F.3d 143, 153 (2d Cir. 2001) (videos shown at a pre-trial detention hearing); *see Application of CBS, Inc.*, 828 F.2d 958, 959-60 (2d Cir. 1987) (videos shown to a jury). Also included are materials that come before the court "in connection with" a motion that the court must decide. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (adopting a sliding scale granting greater access to materials supporting dispositive motions than those supporting other kinds of non-dispositive motions).

But the "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Brown*, 929 F.3d at 49. And "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

At this early stage of the litigation, the deposition at issue is plainly not a judicial document. Although filed (in redacted form) on the docket, it has not been relied upon for any "Article III functions." At most, Mr. Javed's deposition was relied upon by the Plaintiffs to argue that Tesla had failed to satisfy a technical discovery obligation. (Mot. to Compel (Dkt. 53) at 1.) But discovery is a classically party-led stage of litigation, not an Article III function. *See generally* Fed. R. Civ. P. 26. And here, in any case, Magistrate Judge Bulsara expressly refused to "review the entire

deposition transcript," declining to "search through warring letters between parties—and approximately 300 pages of exhibits overall." (May 12, 2021 Order.) So far, the deposition transcript has yet to have any consequence in invoking the powers or affecting the decisions of this court. Because the deposition transcript is not a judicial document, the court has no occasion to balance any interest in public access with any other countervailing interests as currently protected by the confidentiality order. Mr. Greenspan's request is therefore DENIED.

The court takes seriously the right of public access to its proceedings. If at a later time the deposition does become a "judicial document," Mr. Greenspan may renew his request.

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Greenspan.

SO ORDERED.

Dated: Brooklyn, New York
October 21, 2021

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3